F. J. HALE, PLAINTIFF AND CROSS-APPELLANT, V. JOHN M. YOUNG, ALEXANDER YOUNG, JOSEPH OSBORN, AND DAVID A. HALE, APPELLANTS.

1. **The Evidence** upon which the decree of the district court was rendered is examined, and found to sustain the decree.

2. **Contract:** REFORMATION: RIGHTS OF PARTIES. Where a contract is reformed by a court of equity, the rights of the parties must be measured by the contract as reformed. Therefore where H. sold real estate to Y., the contract being that Y. should pay the taxes after the year in which the sale was made, but by mistake in writing the bond for a deed the scrivener omitted that part referring to the taxes, and upon Y. failing to pay the taxes, H. was compelled to do so, for the purpose of protecting his security for deferred payments, it was *Held*, That upon a reformation of the contract H. was entitled to a repayment of the taxes, with lawful interest.

3. ———: ———: ———: IMPROVEMENTS ON LAND. Where in such sale a part of the real estate included in the contract was certain tracts of land upon which H. held a lease from the state, and which contracts of lease, after assignment, were returned to him for a temporary purpose, he retaining at least a partial possession of the land, upon a reformation of the contract so as to make it include the leased land, it was *Held*, That he was entitled to compensation for necessary permanent improvements made upon the land, for his use, but not entitled to such compensation for temporary and movable improvements, he being given the right to remove them.

4. ———: ———: COSTS. Where a plaintiff brings his action to reform a contract, which is resisted by the defendant, and the defendant files a cross-petition, seeking the reformation of the contract in another particular, which is resisted by plaintiff, and both parties are successful in procuring the reformation asked, it was *Held*, That under the peculiar circumstances of the case the costs of the suit should be equally divided, and one-half taxed to each party.

APPEAL from the district court of Madison county. Heard below before CRAWFORD, J.

*Allen & Robinson,* for defendants and appellants, cited: *Lyman v. United Ins. Co.,* 17 Johnson, 376. *Ramsey v. Smith,* 32 N. J. Eq., 28. *Young v. Morgan,* 13 Neb., 48. *Aspinwall v. Blake,* 25 Iowa, 319. *Rogers v. Place,* 29 Ind., 577. *Kirk v. Hamilton,* 102 U. S., 68.

*N. A. Rainbolt* and *Brome, White & Mapes,* for plaintiff, appellee, and cross-appellant, cited: *Conaway v. Gore,* 24 Kan., 389. *Waterman v. Dutton,* 6 Wis., 264. *Nowlin v. Pyne,* 47 Iowa, 293. *Warburton v. Lauman,* 2 Gr. (Ia.), 420.

REESE, CH. J.

On the 3d day of August, 1882, plaintiff was the owner of the south-east quarter of section eight, and the south-west quarter of section nine, and the south half of the

30

.south-east quarter of section nine, all in township twenty-two north, of range three west, in Madison county. At the same time he held by lease from the state of Nebraska the south-west quarter, and the north-east quarter of the north-west quarter, and the north-west quarter of the north-east quarter of section sixteen, township twenty-two north, of range three west, being a part of the school lands belonging to the state. A contract of sale was made afterwards by plaintiff to defendants, John M. and Alexander Young, whereby plaintiff sold to them what was denominated plaintiff's old farm. Plaintiff executed to the Youngs a title bond, by which, upon the performance of the conditions therein expressed, by the Youngs, he bound himself to convey to them the lands in sections eight and nine, but no reference was made in the bond to the school land leases. The indebtedness described in the bond was $1,800, to be paid on or before the 3d day of October, 1882, and $4,000 on the 3d day of August, 1892, with interest at the rate of ten per cent per annum. The price for which the farm was sold was $6,000, $200 of which was paid in cash, and notes were executed for the remainder, to mature at the times above designated. The $1,800 payment was made on or before the date of its maturity. After the completion of the contract and the exchange of the papers mentioned, it seems to have occurred to plaintiff that in the execution of the writings certain portions of the oral contract had been omitted. These were, that the interest on the $4,000 note should have been made payable annually, and that defendants Young should have assumed the payment of all taxes accruing against the land subsequent to the year 1882. He visited the state of Virginia, where they resided, when they executed to him separate notes for the accruing interest, said notes to mature as the interest accrued. Afterwards, through the instrumentality of Joseph Osborn, as agent, defendant David A. Hale purchased the premises from the Youngs. A dispute having

arisen as to the obligations of the parties under their contract, this action was brought by plaintiff for the purpose of reforming the written contract so as to correspond with the agreement of sale, alleging that the failure of the writings to express the contract was owing to the mistake of the person employed to prepare them. It was alleged that, as soon as the mistakes were discovered, plaintiff directed the attention of the defendants Young to the omissions; that they had acknowledged the same, and agreed to correct them, and did so in relation to the payment of the annual interest by the execution of the notes referred to, but that they had failed and refused to have the bond so corrected, either as to the payment of interest or as to the payment of the taxes on the land; that they had failed and refused to pay the taxes, had permitted them to become delinquent, and that for the purpose of protecting his security for the $4,000 he had been compelled to pay the taxes for the years 1882 and 1883; that one Joseph Osborn had purchased the real estate from defendants, and that they had executed to him a title bond, binding themselves to convey the property to him as soon as their titles were perfected by conveyance from plaintiff to them; that Osborn had acquired whatever interest he had in the property with full knowledge of plaintiff's rights, and with full knowledge of the real contract existing between the parties. That defendant, David A. Hale, was in possession of the property, claiming an interest therein derived through Osborn and the Youngs, but that whatever interest he had was subject to the rights of plaintiff; that defendants Osborne and Hale were jointly and severally indebted to the Youngs for the part of the purchase price in excess of the amount due plaintiff on the original obligation as given; that John Young was a resident of the state of Virginia, and had no property in this state liable for the payment of the debt, and that defendant Alexander Young had no property which could be taken

on execution for the payment of his debts.   The prayer of the petition was, that the contract be reformed so as to correspond with the original agreement, and that the interest and the amount due plaintiff for taxes should be declared a lien upon the land.

To this petition the Youngs filed an answer, denying that they agreed to pay all the taxes described in the petition, and denying generally the material allegations of the petition so far as the original agreement was concerned. They also filed a cross-bill, by which they alleged the purchase of the real estate from plaintiff, and that said purchase included the leases upon the school land referred to, and that the leases had been transferred to them by plaintiff, and were left with one Boyer by them for safe keeping, but without any authority from them he had surrendered said leases to plaintiff; that they had sold the real estate to Osborn, but that by reason of the plaintiffs having obtained possession of the leases they were unable to execute their contract with him by the delivery thereof, and that said contract, although unexecuted by them, was of full force and effect.   The prayer of the cross-bill was, that plaintiff be required to surrender unto them the leases referred to, and that he be debarred from having or claiming any interest in or to them, either as against defendants Young, or as against Osborn, their vendee.

The answer of defendant David A. Hale consisted, *First*, of a general denial of all the allegations of plaintiff's petition.   *Second*, of a cross-bill, by which the original contract was alleged according to the allegations of the cross-bill of the Youngs, the execution by them of the bond and notes referred to in plaintiff's petition; that the Youngs had in all respects complied with the terms of the contract on their part; that on the 28th day of March, 1884, the Youngs had sold all of the lands referred to in the petition, as well as the school lands referred to in the answer of the Youngs, to defendant, Joseph Osborn, upon his

paying them the sum of $1,000 on the first day of May, 1884, $2,000 on the first day of November, 1884, and assuming to pay to plaintiff the $4,000 due from the Youngs on the 3d day of August, 1892, with the interest thereon at the rate of ten per cent per annum; that said Osborn, in making said contract, did so for him, Hale, as his agent, Hale furnishing the money, and that soon thereafter Osborn transferred to him the evidences of the contract, and that he, Hale, was the real party in interest in said purchase; that upon the purchase being made, he had taken possession of the land and had continued to hold it, and that he was the present owner thereof. That prior to the time of his purchase, through the said Osborn, defendant had searched the official records of Madison county, and found thereon the record of the bond for a deed given by plaintiff to the Youngs, said bond being the same which plaintiff sought to reform in this action; that there was no provision or condition for the payment of interest annually on the $4,000, and that relying upon the terms of the bond as given in the record, he purchased the real estate; that plaintiff, at the time of filing the answer, had possession of the $2,000 note made by Osborn to the Youngs, as part of the purchase price of said lands, and which the plaintiff claimed to hold as security for the payment of the said $4,000 from defendants Young to himself. The prayer of the cross-bill was, that the petition be dismissed; that a decree be entered declaring Hale to be the owner of the contract of purchase of the lands made between Osborn and the Youngs, and that he be declared to be the owner of the leases of the lands referred to as school lands; that the plaintiff be barred from having or claiming any right to or interest therein, except such as might accrue to him by reason of the deferred payments under his contract of sale to the Youngs, and that he be required to convey to defendant all interest he might have in the lands, whether under the leases or otherwise, and for general relief.

The answer of Joseph Osborn consisted of a denial of the principal allegations of the petition, and a disclaimer of any interest in the real estate. To the cross-petitions of the Youngs, plaintiff replied by way of general denial, excepting an admission that he holds and claims to own the land covered by the leases, and that in the fall of 1882 he, without consideration, assigned and delivered either one or two of such leases to defendants, but that in April, 1883, they were re-assigned to him, to indemnify him against loss and damage which he might sustain from defendants. To the cross-petition of Hale he replied, denying all matters not specifically admitted, and admitting that he contracted with the defendants, Young, to sell them the real estate named, but not including the leases, for the sum of $6,000, but that he did not agree for any portion of the $6,000, or for any other consideration, to assign to them the leases upon the school land. The possession of the land which is denominated the deeded land is conceded to Hale, but his possession of the school land is denied. The action as to Osborn was not insisted upon, and in plaintiff's reply he consented to an order of the court discontinuing the same as to him.

A trial was had, and upon hearing the evidence the following findings were made by the court:

"1st. That on the 3d day of August, A.D. 1882, plaintiff sold and agreed to convey to the defendants, John M. Young and Alexander Young, the following described real estate, situated in Madison county, Nebraska, to-wit: The south-east quarter of section eight, the south-west quarter of section nine, and the south half of the south-east quarter of section nine, all in township twenty-two north, of range three west of the sixth principal meridian, at the agreed price of $6,000, payable as follows: $200 cash in hand, $1,800 on or before October 3, 1882, and $4,000 ten years thereafter, to-wit: August 3, 1892, with interest on said last named payment at the rate

of ten per cent per annum, payable annually, from the date of said sale.

"2d. That the said defendants, John M. Young and Alexander Young, on said day, to-wit: August 3, 1882, agreed with plaintiff to buy said described land at the price and on the terms hereinbefore set forth, and as a part consideration of said sale agreed that plaintiff should have and retain possession of said land until March 1, 1883, and the exclusive right to all crops then growing and being on said premises; and that said John M. Young and Alexander Young would pay all taxes and assessments that would thereafter become due and payable on said land, not including the taxes for the year 1882, which were to be paid by plaintiff.

"3d. After said sale and the agreements in relation to the terms thereof had been verbally made, it was further agreed that plaintiff should give said John M. Young and Alexander Young a bond for deed, and that the latter should give plaintiff their notes in accordance with said verbal contract; and in pursuance of said last named agreement, a draftsman was procured and instructed to draw bond and notes according to said agreement and sale.

"4th. The bond and notes were then drawn by said draftsman, signed by the proper parties, and duly exchanged and delivered to the persons entitled thereto.

"5th. There were mistakes and omissions in said bond and notes, as follows: The bond omitted and failed to state that the interest on said $4,000 payment was payable annually. It failed and omitted to state the aforesaid conditions of said agreement with reference to the taxes and assessments on said land, and who was required to pay the same. The note given for the $4,000 payment omitted to provide for the payment of the interest annually thereon.

"6th. Said mistakes and omissions were not noticed by them or the parties to said contract at the time of the making thereof.

" 7th.   Soon after the execution and delivery of said papers, plaintiff discovered said mistakes and omissions, and on or about the ...... day of October, 1883, directed the attention of the defendants, John M. and Alexander Young, to said mistakes and omissions, and requested a correction thereof, and on the 2d day of June, 1883, said John M. Young and Alexander Young did correct the mistake in relation to the payment annually of the interest on said $4,000 note, by executing and delivering to plaintiff separate notes maturing annually for said interest.

" 8th.   Said defendants, John M. Young and Alexander Young, have failed, neglected, and refused to have said bond for deed corrected, in relation to said interest and to the payment of the taxes and assessments on said land.

" 9th.   The defendants have never paid any taxes on said land, but have suffered the taxes to become delinquent, and plaintiff to protect his security has been compelled to and has paid taxes upon said land as follows: April 30, 1884, he paid the taxes for the year 1883, in the sum of $40.65, for no part of either of which sums has he ever been reimbursed, but said sums, with interest thereon from the date of their several payments, are now due and owing to plaintiff.

" 10th.   The defendants, John M. Young and Alexander Young, have contracted to sell said land to the defendant, Joseph Osborn, and have made to said Joseph Osborn a bond for deed, conditioned to convey said premises to said Osborn after the said John M. and Alexander Young have obtained title thereto; that said bond for deed was taken by said defendant Osborn as the agent of and for the use and benefit of the defendant, D. A. Hale, and the same was taken with full knowledge of the mistakes and omissions hereinbefore specified in the said bond given by plaintiff, and in the $4,000 note held by plaintiff, and with full knowledge that it was the actual

contract between plaintiff and said John M. and Alexander Young that the latter should pay all taxes on said land, except taxes for the year 1882, amounting to $........., and with full knowledge of the fact that the interest should be paid annually on said $4,000 note, and that the interest of said defendant, D. A. Hale, in and to said land is junior and subject to plaintiff's rights under said contract.

"11th. The court further finds that on the third day of August, 1882, the defendants, John M. Young and Alexander Young, upon the one part, and the plaintiff on the other part, made and entered into a parol contract, by the terms and conditions of which the said plaintiff contracted to assign, sell, and set over unto the said John M. Young and Alexander Young certain leases then and there held and owned by him, the said plaintiff, upon the following described real estate, to-wit: The south-west quarter and the north-east quarter of the north-west quarter, all in section sixteen, township twenty-two, range three west of the sixth principal meridian, in Madison county, Nebraska, which said leases to said lands had hitherto been issued by lawful authority of the state of Nebraska to the said plaintiff, and which at said time were owned and held by the said plaintiff, that the assignment of said school leases was at that time agreed to be made for a valid and sufficient consideration; that afterwards, and on or about the ........ day of ........., 1883, the said plaintiff, in pursuance of said agreement, made an assignment in writing upon the back of said leases, assigning his interest therein to said defendants, John M. and Alexander Young, and did deliver two of said leases to said defendants; that afterwards, and on or about the ........ day of ........., 1884, the said defendants, John M. and Alexander Young, returned said leases as delivered to plaintiff, and at that time agreed with him that all of said leases should be held by him as security for the payment of the several sums then due and to become due and owing from

said defendants to plaintiff, and to indemnify plaintiff against all loss, expenses, and damages to which he might be subject by reason of said mistakes and omissions then existing in said bond for deed and $4,000 note, and for all taxes and money paid out for improvements on defendants' land.

"12th.    The court further finds that, at the time said school leases were returned to plaintiff, it was agreed by and between said defendants, John M. and Alexander Young, and plaintiff, that said plaintiff should pay to the state of Nebraska the interest and charges then due and owing, and thereafter to become due and owing, to said state of Nebraska upon said leases, and that plaintiff should cause said lands to be appraised for the purpose of purchase in the manner provided by law, and should purchase the same in his own name, and that said defendants, John M. and Alexander Young, or their assigns, should pay plaintiff all sums paid him on account of said school leases and for improvement on said described leased lands, with interest thereon from the date of payment, and assume all obligations incurred by plaintiff in and about the purchase from the state of Nebraska of the lands covered. by said leases.

To all of which findings of the court the several defendants and the defendant, D. A. Hale, at the time excepted.

And to the 11th and 12th findings, the plaintiff, F. J. Hale, at the time excepted.

It is therefore considered, adjudged, and decreed by the court that said bond for deed, made by defendants, John M. Young and Alexander Young, be reformed so as to conform to the actual intention of the parties, and to the actual contract made with reference thereto.

That said bond be made to read that the interest on said $4,000 note should become due and payable annually, that the taxes on the real estate covered by said bond for deed, except taxes for year 1882, shall be paid by said John M.

Young and Alexander Young, their assigns or legal repre-
sentatives. That plaintiff shall be required to convey said
premises according to the conditions of said bond for deed
only upon the conditions set forth in said new and reformed
bond for deed. That plaintiff shall execute a new and re-
formed bond, correct in its terms and conditions, agreeable
to the provisions of this decree, and shall cause the same
to be filed with the clerk of this court for the benefit and
use of all the defendants in this suit, and when such new
and reformed bond for deed heretofore (sic) executed and
filed as aforesaid, then the bond for deed is executed and filed
as aforesaid, (sic) then the bond for deed heretofore executed
and delivered by plaintiff to said defendants, John M. and
Alexander Young, be canceled and held for naught. It is
further adjudged and decreed that plaintiff have a lien
upon the premises described in said bond for deed, to-wit:
The south-east quarter of section eight, the south-west
quarter of section nine, and the south half of the south-
east quarter of section nine, all in township twenty-two
north, of range three west of the 6th principal meridian,
in Madison county, Nebraska, for all principal and inter-
est due or to become due on said $4,000 notes, and for all
taxes and assessments justly chargeable against said prem-
ises, that have been or may be paid by plaintiff, except
taxes of 1882 as aforesaid.

And in the event of a failure on the part of said de-
fendants to pay the principal and interest upon said $4,000
note, or any part thereof, whenever the same becomes due
and payable, or the taxes and assessments justly charge-
able against said land when the same become due and pay-
able, after the filing of said new and reformed bond for
deed, then and in that event plaintiff may foreclose his
lien therefor upon said premises in the manner provided
by law. It is further ordered, adjudged, and decreed by
the court that Eugene Moore be and is hereby appointed
referee for the purpose of hearing evidence and ascertain-

ing the amount of money that has been expended and paid by plaintiff as taxes upon the south-east quarter of section eight, the south-west quarter of section nine, and the south half of the south-east quarter of section nine, all in township twenty-two north, of range three west of the sixth principal meridian, in Madison county, Nebraska, together with the interest on such payments. The amount, nature, and value of the improvements, if any, placed by plaintiff upon the south-west quarter and the north-east quarter of the north-west quarter, all in section No. sixteen, township twenty-two, range three west of the sixth principal meridian, since the ...... day of November, 1882, and the nature, date of payment, amounts, and interest upon the several amounts, if any, paid by plaintiff to the state of Nebraska, and also the amount paid by plaintiff on the purchase of said last above described premises from said state of Nebraska, and the time same was paid, with interest on said several sums from the date of payment, and plaintiff's damage in consequence of said mistakes in said bond. Said testimony to be taken at Madison, on five days' notice to the respective parties, and the report of said referee to be filed in this court on or before the ...... day of March, 1887. It is further adjudged and decreed that if D. A. Hale, or his heirs or assigns, within ...... days from the filing of said report and the rendition of a final decree herein, pay to plaintiff, or to the clerk of this court for plaintiff's use, the sum adjudged due plaintiff on account of said last above described premises, with interest thereon from the date of such final decree, then in that event plaintiff shall convey and assign to said defendant, D. A. Hale, all the right, claim, and interest of plaintiff in and to said last above described lands, and to that effect the final decree of this court so made shall operate as an assignment of such interest, and said defendant, D. A. Hale, shall be deemed and taken to have assumed and agreed to pay all outstanding obligations in favor of

the state of Nebraska on account of the leasing or pur-
chase of said lands from said state of Nebraska, and said
plaintiff absolved from all liability thereon. And the
case is continued for trial on all other issues."

Afterwards, at the March term, 1887, the reference to
Eugene Moore was set aside, and Alice Brome was ap-
pointed in his stead, the entry being as follows:

"And said cause coming on for further hearing, and it
appearing that plaintiff no longer held said school land
leases, but had by authority of defendants Young surren-
dered same to the state of Nebraska, and has received
therefor a contract of purchase from the said state for the
land described in said leases, upon which contract plaint-
iff, at request of defendants Young, has made payments,
and that plaintiff has made valuable improvements on
said land, and has a lien on said leased lands for the
same, and for taxes paid, and other expenses incurred by
plaintiff, it is hereby ordered that this cause be referred to
Miss Alice Brome as referee, who is hereby authorized and
required within twenty days from this date to take and
hear all the evidence and make and file with the clerk of
this court a finding of facts as to the amount of money
plaintiff has paid out on the purchase and improvements
on land, and amount of expenses incurred by plaintiff
which may be a lien on said land, and the time when same
was paid out and incurred, and said referee shall further
find and report amount of taxes paid by plaintiff for de-
fendants in and about the land in controversy in this ac-
tion. It is further ordered that, as the reference to Eugene
Moore at last term was not and has not been acted upon,
the said Miss Alice Brome is appointed as referee in place
of said Eugene Moore, with duties, powers, and authority
conferred upon said Eugene Moore in the original decree,
now at this time as of last term, with same force and effect
as though entered at last term of this court."

The cause was tried to the referee, who found and returned into court the following facts:

1st. That in the month of January, 1879, the plaintiff, F. J. Hale, received school leases for certain school lands located in Madison county, Nebraska, described as follows: The south-west quarter and the north-east of the north-west quarter, and the north-east quarter of section sixteen, township twenty-two, range three west of the 6th principal meridian, from the state of Nebraska.

Excepted to by the defendant, David A. Hale.

2d. That about October, 1882, John M. Young and Alexander Young, by John M. Young, were in possession of two of the original leases for school lands described as follows: The south-west quarter of the north-east quarter of the north-west (*sic*) quarter of section sixteen west of the sixth principal meridian, in Madison county, Nebraska.

3d. That in March, 1883, the plaintiff, F. J. Hale, came into possession of the leases covering the lands described in findings number two, pursuant to a contract between John M. Young, one of the defendants, for himself and as attorney in fact for Alexander Young, and F. J. Hale, plaintiff, whereby it was agreed that the latter should hold said leases to indemnify him against any loss and expenses by reason of litigation over the land, which is in controversy in the main branch of this case, and also as security for the taxes of 1882, paid in 1883, on the lands last referred to.

Excepted to by defendant, David A. Hale.

4th. That on the 27th day of October, 1886, the following improvements existed upon the lands described in the school leases turned over by John M. Young to the plaintiff: One corral of four wires, one hundred and fifty rods around; one well forty feet deep; two acres of breaking done in June, 1883, as a fire line to protect the corral and grass. All of said improvements having been placed upon said lands and material furnished by said F. J.

Hale, plaintiff, subsequent to the time the said leases were turned over to plaintiff by the defendant, John M. Young.

Excepted to by the defendant, David A. Hale.

5th. That on the 27th day of October, 1886, said corral was of the value of $90. Said well was of the value of $50. That said two acres of breaking were worth $2.50 per acre, $5.

Excepted to by defendant, David A. Hale.

6th. That plaintiff paid in 1883 the taxes assessed against the land in controversy in the main branch of this case for the year 1883, amounting to $19.30.

Excepted to by the defendant, David A. Hale.

7th. That in August, 1884, the plaintiff paid as interest on school lands, or as rental plaintiff had agreed to pay for the year 1883, in consideration of the use of the school land, $19, which amount was to be charged to Youngs.

Excepted to by defendant, David A. Hale.

8th. About January, 1885, the plaintiff bought the school land covered by the two leases turned over to him by the Youngs from the state of Nebraska, paying upon such purchase $168 as principal, and $83.16 as interest, and as evidence of such purchase received the certificate of contract admitted in evidence and marked "Ex. A." That plaintiff has also paid $90.72 as interest, which became due January 1, 1886, and the state of Nebraska now holds the note of the plaintiff for the aggregate sum of the deferred payments on said certificates of contract, now amounting to $1,512.

Excepted to by defendant, David A. Hale.

9th. That the commencement of this action was necessitated by reason of the failure of the defendants, John M. and Alexander Young, to comply with the terms of their contract with the plaintiff relative to lands which are in controversy in the main branch of this case, which is the same contract that was referred to when John M. Young returned the school leases to the plaintiff.

Excepted to by defendant, David A. Hale.

10th.    That by reason of the litigation relating to said lands, the plaintiff has been compelled to make the following expenditures :

| | | |
|---|---:|---:|
| Trip to the state of Virginia and return to obtain deposition, John M. Young | $ 75 | 00 |
| Paid Crockett and Cornish, attorneys, for service in attending to the taking of deposition | 25 | 00 |
| That he has paid H. C. Brome fees as attorney in this case | 125 | 00 |
| And N. A. Rainbolt | 155 | 00 |

Excepted to by defendant, David A. Hale.

11th.    That N. A. Rainbolt has been the attorney for the plaintiff in this action since its commencement in December, 1884, and as such prepared the original and the amended petition, and has been present at the county seat, in attendance upon the district court every term thereof since the commencement of this case, and has given his attention thereto ; that H. C. Brome has been connected with said case as attorney since August, 1885, at which date he gave two days' time to the taking of depositions of Alexander Young, and has been present at every term of court since said date; that at each term there have been matters connected with said case of more or less importance demanding the attention of attorneys ; that the trial of the main case occupied two days of the October, 1885, term of the district court; that afterwards, while said cause was held under advisement, plaintiff's attorneys prepared written briefs and submitted the same to Hon. J. C. Crawford, judge, in vacation.

Excepted to by defendant, David A. Hale.

12th.    That the value of the property involved in the main branch of this case in $7,000 ; that the value of the property subsequently brought into question by the answer and cross-bill of David A. Hale, is $2,000.

Excepted to by defendant, David A. Hale.

13th. That plaintiff's attorney as such, having rendered legal service to the plaintiff in connection with this case of the value of $400.

Excepted to by defendant, David A. Hale.

14th. That the services of plaintiff's attorneys in appearing before the supreme court of the state of Nebraska, in an appeal of this case will be reasonably worth $250.

Excepted to by defendant, David A. Hale.

### RECAPITULATION.

I therefore find that by reason of the alleged violation of the contract relating to the land which is in controversy in the main branch of this case, by defendants, Alexander and John M. Young, the plaintiff has been compelled on account of taxes, litigation, rents, and by reason of the erection of improvements on said lands, and the purchase thereof from the state of Nebraska, to make an actual expenditure aggregating in all the sum of $787.78.

Excepted to by defendant, David A. Hale.

That plaintiff is still holden and liable for attorneys' fees, for services rendered and to be rendered, and for the balance of the purchase price of said land still remaining unpaid, the sum of.....................................$1,882.00

Money actually paid out..............................   787.78

Making a total of.....................................$2,669.78

Excepted to by the defendant, David A. Hale."

Exceptions to this report were filed by both parties, which upon consideration were sustained, as shown by the following journal entry:

"And now this cause came on for hearing on the report of the referee, Miss Alice Brome, herein, and the exceptions thereto, filed by Allen and Robinson, attorneys for defendants herein. The 6th, 8th, 9th, and 10th exceptions to the report herein are hereby sustained. The said report of the referee herein is modified by disallowing the items as contained and allowed in the 10th, 11th, 12th,

31

13th, and 14th findings of fact of said report, and striking out the items of expenses and attorneys' fees in the recapitulation as allowed and contained in the 10th, 11th, 12th, 13th, and 14th findings of fact of said report.

"The 1st, 2d, 3d, 4th, 5th, 7th, 11th, and 12th excep-. tions to the report of the referee herein are overruled, to the overruling of each of which defendants each at the time duly excepted. The said report of the referee is hereby confirmed as above modified."

The report of the referee as modified was acted upon by the court, and on the 19th day of August, 1887, the fol-. lowing decree was entered:

"Now on this 19th day of August, 1887, this cause came on to be heard upon the report of the referee, as hereinbefore modified by this court, for a final judgment and decree. Whereupon the defendant, David A. Hale, filed his motion for a new trial in said cause, and said motion for new trial coming on for hearing, the court having heard the argument of counsel and being fully advised in the premises, overruled said motion, to which ruling and judgment of the court the defendant, David A. Hale, at the time excepted, and thereupon said cause came on upon the motion of the plaintiff for the entry of a final judgment and decree therein. Whereupon it is considered, adjudged, and decreed by the court that, if the said defendant, David A. Hale, shall, within forty days from the date of the rendition of this decree, pay to the plaintiff, F. J. Hale, or to the clerk of this court for the benefit and use of said F. J. Hale, the sum of $500, together with interest thereon from the date of this decree to the date of said payment, at the rate of seven per cent per annum, and in addition thereto shall also, within said forty days, execute to and in favor of the said F. J. Hale, plaintiff, a bond in the penal sum of $3,000, conditioned for the payment to the state of Nebraska of the notes of the plaintiff for the aggregate sum of the deferred payments on the

contract or purchase of the school lands hereinafter described now existing between the plaintiff and the state of Nebraska, said notes evidencing an indebtedness of $1,512, due on the 29th day of January, 1905, with interest thereon at six per cent per annum, payable annually in advance, at the office of the county treasurer of Madison county, Nebraska, and to save the plaintiff harmless from any and all liability thereon on account of said notes, said bond to be executed by said defendant, David A. Hale, with one or more sureties, said sureties to be approved by the clerk of this court, and said bond within the time hereinbefore mentioned to be filed with the clerk of this court for the benefit and use of said plaintiff, F. J. Hale. Then and in that case the plaintiff, F. J. Hale, shall, by proper conveyance or assignment, transfer and set over to said David A. Hale, defendant, all the right, title, and interest of the said F. J. Hale in and to the school lands referred to, to-wit: The north-east quarter of the north-west quarter and the north-west quarter of the north-east quarter and the north-west quarter of section sixteen, in township twenty-two, range three west of the sixth principal meridian, containing according to the United States survey two hundred and forty acres, be the same more or less; and upon the payment by the said defendant, David A. Hale, to the plaintiff, F. J. Hale, within forty days from the date of this decree, of said sum of $500, together with interest thereon at seven per cent per annum from the date of this decree, together with the execution and delivery of a bond, conditioned and approved as hereinbefore provided, for the deposit of said money and said bond within said forty days with the clerk of this court for the benefit and use of said plaintiff, then and in that case said defendant, David A. Hale, shall become seized of all right, title, and interest of said plaintiff, F. J. Hale, in and to the school lands hereinbefore described; but if said defendant, David A. Hale, shall fail to pay said sum

of money and execute and deliver said bond in the manner hereinbefore provided within said term of forty days from and after the rendition of this decree, then and in that case the cross-bill of the said defendant, David A. Hale, shall be dismissed, and the plaintiff, F. J. Hale, shall become the owner and entitled to the possession of said school lands, and the said defendants, David A. Hale and John M. Young and Alexander Young, be deemed, taken, and declared to have no interest in or claim upon said school lands hereinbefore described, and that the said cross-bill of said several defendants be dismissed and nothing taken thereby. To all of which rulings, judgment, and decree of the court the defendant, David A. Hale, at the time excepted. And said cause coming on further to be heard, it is ordered that Miss Alice Brome, to whom said case was referred, be allowed $30 for her services as referee in said case, the same to be taxed and collected as a part of the costs in said case. It is further considered, ordered, and adjudged by the court that the plaintiff, F. J. Hale, do have and recover of the defendant, David A. Hale, his costs herein expended, taxed at $200, to which ruling and judgment of the court taxing and assessing the costs of this action against the defendant, David A. Hale, said defendant at the time excepted."

A motion was submitted by defendant Hale to retax the costs, but this motion was overruled.

Defendants appeal. Plaintiff also appeals from that part of the decree which is against him, and both appeals are submitted for decision.

The first question presented is, as to the decision of the district court in favor of the plaintiff in his effort to procure the reformation of the bond, with reference to the interest upon the $4,000 and the taxes upon the real estate. Before entering upon an examination of the questions of fact, we will concede all that is claimed by plaintiff as to the quantity and quality of evidence necessary to require

the interposition of a court of equity in the matter of the reformation of written contracts. The evidence should be clear, satisfactory, and free from reasonable doubt, before a plaintiff would be entitled to relief. It must clearly preponderate in his favor, and it should be convincing in its character. This rule must necessarily apply with greater force to a court of original than appellate jurisdiction, as it is a well-settled rule that all presumptions are in favor of the proceedings of the district court. That there is a conflict in the testimony cannot be questioned, but we think there is sufficient in favor of the finding of the district court to justify its conclusion.

The testimony of plaintiff is, that one T. C. Osborn approached him for the Youngs, with the inquiry as to whether the land was for sale, his price, terms, etc. The price was given, with a statement that the farm was for sale, and in a short time thereafter the Youngs were introduced to plaintiff; that in the conversation which followed, plaintiff stated that he would sell the land for $6,000, $2,000 of which he would require in cash, and the remaining $4,000 could be paid in ten years, with interest at ten per cent per annum, payable annually, the purchaser to pay all taxes after that year; that this was agreed to by the Youngs, and Mr. Maxwell was applied to to prepare the necessary papers; that all the parties to the contract went to Mr. Maxwell's store, where it was restated in the same language; that plaintiff was in a hurry, and as soon as the bond and notes were prepared he signed the bond and went away; that he did not discover the omission until a short time thereafter, when he saw one of the Youngs and called his attention to it, and was assured that it would be made right; that he afterwards went to the state of Virginia, where the Youngs resided, and they agreed to his version of the contract, and executed to him ten promissory notes, representing the interest upon the $4,000 and maturing at the end of each year beginning with the first.

These notes were introduced in evidence, and their execution is not denied. By their terms they draw interest after maturity.

Mr. Osborn, who acted in some sense as the agent of defendants, Young, testified to the same thing, so far as the original statement of the contract was concerned.

Mr. Maxwell, who appears to be entirely disinterested, testified to the same facts, so far as they involved the statement made to him by plaintiff in the presence of defendants at the time he was applied to to prepare the writings; but that he, by mistake, neglected to insert the clauses, as to the annual payment of the interest and as to the payment of the taxes, in the bond.

These facts, in connection with the further fact that the Youngs so understood the contract and executed their notes representing the interest, were quite sufficient to justify the court in finding as it did on that branch of the case. We also think that the conduct of the parties clearly establishes the further fact testified to, that plaintiff was to pay the taxes upon the real estate only for the year 1882.

It is insisted that the decision of the district court inflicts a hardship upon defendants, and especially upon defendant Hale, for the reason that it imposes a burden upon him not provided for in the original contract between plaintiffs and the Youngs, in the form of the interest upon the interest notes after their maturity in case of their non-payment, and by attaching this burden as a lien upon the real estate it increases the amount necessary to be paid, or requires the payment of $400 annually in order to perpetuate the existence of the contract against plaintiff. This would be entitled to consideration were it not for the fact that it plainly appears that defendant Hale, through his agent, J. C. Osborn, had full knowledge of what the original contract was at the time of his purchase. At that time a brief memorandum was made in writing and signed by Osborn, in which it was provided that the Youngs were

"to pay the first interest note to F. J. Hale." This
tends to show that Osborn had knowledge of the real con-
tract between plaintiff and the Youngs, and assumed to
carry out its provisions. There is other proof which
tends to show Osborn's knowledge at the time of the pur-
chase, which we need not here notice. It is clearly shown
that he had knowledge of what the contract was, and that
he was to perform its conditions. He testified that his
contract with the Youngs was that he was to pay the in-
terest annually. This being true, the reformation of the
contract in that behalf could work no injury to his prin-
cipal, Hale. We cannot, therefore, discover the hardship
imposed upon defendant Hale, and are satisfied that the
decision of the district court upon this part of the case was
correct.

The next question presented is, as to the decision of the
trial court in decreeing the reformation of the contract as
prayed by defendant, so far as it affected the leases upon the
school lands referred to in the pleadings. The testimony
throughout tends to show that at the time the contract was
made the school land leases were considered as a part of the
contract, and as a part of the consideration of the notes.
Two of the leases held by the plaintiff were actually as-
signed to defendants Young and delivered to them. They
were often referred to by the plaintiff and the Youngs in
conversation subsequently had, and it sufficiently appears
that they were returned to plaintiff, he being a resident
of this state and near the land, to enable him as a rep-
resentative of the Youngs to provide for the payments
due the state as they matured, or if he thought proper to
cause the land to be appraised and purchase it from the
state for the benefit of the Youngs. This was done, the
purchase being made in his own name. There may be
some doubt as to his purpose at the time of this purchase,
whether made for defendants or not. We need not discuss
this feature of the case, for whatever that purpose may

have been, the Youngs, and, through them, defendant Hale, were entitled to the benefit of it, upon refunding to him with legal interest the amount paid by him. It is shown that the taxes were paid by him after they became delinquent, defendants having failed to pay them, and this he is also entitled to with like interest.

So far as it appears from the record, after as careful an examination and computation as we have been able to make, we conclude the following items were allowed in favor of plaintiff: First, certain improvements placed upon the school land, consisting of one corral, valued at $90, one well, valued at $50, and two acres of breaking, valued at $5, and principal paid to the state at the time of the purchase, $168, interest paid to the state at the time of the purchase, $83.16, and for the year 1886, $90.72, making a total of $486.88. As we have before said, plaintiff was entitled to be reimbursed the amount of principal and interest paid the state upon the purchase of the land. This would be the sum of $341.88, and interest thereon from the time that the several payments were made, which to this date would be $424.48. We are unable to find any evidence that the corral, well, and breaking were placed upon the land by the direction of defendants, but as the well and breaking were permanent improvements in their character, we are inclined to permit the decision of the district court, so far as it referred to them, to remain, but the construction of the corral cannot be charged to defendants, whatever its value may have been. This item, therefore, of $90, will be excluded, but with permission to plaintiff, if he sees fit so to do, to remove the corral within two months of this date. The construction of the well and the breaking of the ground, amounting to $55, will be charged to defendants without interest, as plaintiff has had the use of the improvements, making a total of $396.88 principal and $82.60 interest. The decree of the district court will, therefore, be modified to the ex-

Hale v. Young.

tent that defendants be required to pay to plaintiff the sum of $479.48, within ninety days from this date, and upon such payment being made or tendered to plaintiff, or his attorneys, or to the clerk of this court, he will be required to assign to defendant Hale his contract of purchase executed to him by the state. Defendant D. A. Hale will also be required to execute to plaintiff the bond required in the original decree, to indemnify him against the note of $1,512 given to the state, unless he shall procure the said note to be surrendered and canceled by the state authorities. In that event no bond shall be required. In case of default in said payment, the cross-petition of defendants will be dismissed, and their claim upon the said school land will be forever barred.

The decision of the district court in declaring the taxes paid by plaintiff upon the deeded land for all years subsequent to the year 1882, is affirmed.

Its decision upon the motion to retax the costs is reversed, and one-half of the costs in the district court is taxed to defendants and one-half to plaintiff. The same judgment will be entered as to the costs in this court.

As thus modified, the decision of the district court is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.