JAMES CLARK, APPELLEE, V. HENRY MOSSMAN ET AL., APPELLANTS.

FILED FEBRUARY 23, 1899.   NO. 8653.

**Reformation of Bond.** Where a party orally agreed to purchase four acres of land along a section line, upon his own uninfluenced assumption that he would thereby obtain said four acres independently of the highway along said line, and soon thereafter a bond for a deed was, with the purchaser's eight notes for the purchase-money, left with a banker, in which bond the description unmistakably included the highway, and the purchaser, without taking the bond into his possession, as was his right, or ascertaining the terms of said bond, paid seven of his notes as they fell due at intervals of ninety days, and with actual knowledge of the language of the bond paid the eighth note, *held*, that such party was not entitled to a decree reforming the bond so as to make it express his own understanding of the scope and effects of the contract of purchase.

APPEAL from the district court of Madison county. Heard below before ROBINSON, J.  *Reversed.*

*Powers & Hays,* for appellants.

References: *Kutz v. McCune,* 22 Wis. 628; *Pomeroy v. Milwaukee & C. R. Co.,* 25 Wis. 643; *Scribner v. Holmes,* 16

Ind. 142; *Milwaukee & N. R. Co. v. Strange,* 63 Wis. 179; *Chicago & P. R. Co. v. Shepherd,* 39 Neb. 523; *Omaha S. R. Co. v. Beeson,* 36 Neb. 362; *Hymes v. Esty,* 22 N. E. Rep. [N. Y.] 1087; *Whitbeck v. Cook,* 15 Johns. [N. Y.] 483; *Huyck v. Andrews,* 113 N. Y. 85; *Wilson v. Cochran,* 46 Pa. St. 229; *Purkiss v. Benson,* 28 Mich. 538; *In re Robbins,* 24 N. W. Rep. [Minn.] 356; *City of Cincinnati v. Brachman,* 35 O. St. 289; *Trice v. Kayton,* 84 Va. 217.

*H. D. Kelly, contra.*

References: *Grand Trunk R. Co. v. Dyer,* 49 Vt. 74; *Welder v. Hunt,* 34 Tex. 44; *Cottingham v. Parr,* 93 Ill. 233; *Piper v. True,* 36 Cal. 606; *Wagner v. Gage County,* 3 Neb. 243.

RYAN, C.

James Clark brought this action in the district court of Madison county. In his petition he alleged that about July 16, 1892, the defendant Henry Mossman was the owner of a certain tract of land in the southeast quarter of section 1, township 23 north, range 3 west, sixth principal meridian; that this tract was described as follows: Commencing at a point on the section line seventy-six and four-fifths rods due south of the northeast corner of said southeast quarter, running thence west twenty-seven rods, thence south twenty-five and three-fifths rods, thence east twenty-seven rods, thence north to the place of beginning, containing four acres. It was alleged in the petition: "The above description embraces half of the public highway running north and south for a distance of twenty-five and three-fifths rods; that the above description contains and embraces four acres of land, exclusive of said portion of the public road." In the language just quoted there are two inharmonious statements; the first that the four acres embraces one-half of the highway, the second that the description embraces four acres, exclusive of said portion of the public road, and this variance is quite important, for in his petition plaintiff further alleged that about July 16, 1892, he en-

tered into a contract, by the terms of which he agreed to
purchase said four acres for $400, and accordingly made
his eight promissory notes, each for $50, to the defend-
ant; that defendant and his wife were to execute to plain-
tiff a bond conditioned that they would convey said
premises by deed of general warranty upon payment of
the consideration above named; that afterward, about
July 30, 1892, said defendants did purport to execute the
bond agreed upon and left the same at the bank for the
use of plaintiff, but plaintiff alleged that said bond for a
deed did not correctly describe the premises purchased
by plaintiff, but did describe a tract of land contain-
ing fifty-one and a half square rods less land than was
purchased by plaintiff,—the said fifty-one and a half
square rods being one-half of the highway as above de-
scribed, and it was not owned by the defendants, or either
of them, at the time of the making of said contract.
Plaintiff alleged, however, that he never saw said bond
until about June, 1894, after all except the last note to
mature had been paid, and until that time did not know
of the defect in the description of the land in said bond;
that as soon as he discovered said mistake in the descrip-
tion he called the defendant's attention to it and re-
quested a correction thereof, which defendant refused,
and continues to refuse, to make, and that had the plain-
tiff known of said error he would not have accepted said
bond and would not have paid said note.   The closing
allegations and prayer of the petition were as follows:
"The plaintiff has paid each and all of said notes ac-
cording to the terms of said bond, and has performed
each and all of the conditions of said bond to be by him
performed, and has made demand of said defendants for
a deed of conveyance of the lands so purchased by plain-
tiff from defendant, as first above described, and con-
tained four acres, but the defendant has refused, and
does so now refuse, to convey said lands to plaintiff.
Wherefore plaintiff prays that said bond may be reformed
in the manner indicated in this petition, in such a manner

as to carry out the intention of the parties thereto so that the same will embrace full four acres of land, exclusive of said public highway; that said defendants may be required to convey by deed of general warranty and clear of all incumbrances the said four acres of land according to the description as the same may be reformed and corrected so as aforesaid. In case said bond is not so reformed and the defendants ordered to convey said four acres to the plaintiff, then, and in that case, that the court find that no contract of purchase and sale of said premises have been entered into by and between the plaintiff and defendants, and that an accounting be had of the moneys paid by plaintiff to the defendants as aforesaid, and that plaintiff have judgment for such sum, with interest, and for such other and further relief as may be just and equitable." The district court seems to have taken this petition as one for the reformation of the bond for a deed so that the land to be conveyed should include four acres, exclusive of one-half of the highway, and upon the issues joined found that plaintiff was entitled to the reformation prayed or a return of $400, the purchase price of the land, with interest thereon, and accordingly required a conveyance to be made within twenty days, or in default thereof ordered that its said decree operate as such conveyance.

The testimony of plaintiff as to the original contract was as follows: "Well, sir, on or about the 8th day of July, as near as I can remember, I met Mr. Mossman between his house and the creamery. I asked him if he would sell me that piece of land there. I told him I would like to buy three or four acres, provided we could agree on the payments. He asked me how I wanted to buy it, and I told him I would give him $400 and I would pay him $50 every ninety days, with ten per cent, till it was paid. He said he would talk with his wife and let me know in a day or two. On the Saturday following I met him at Battle Creek. He told me I could have the land. He asked me how I wanted to pay for it, and I told

him $50 every ninety days. He started to go into the bank to have Mr. Warrick to make out the notes. He had not the time then, and on the first of the week I came in to give the notes to Mr. Steve Warrick; eight notes, $50 each. Some time afterward I was in the bank and Mr. Warrick told me the bond was there. I didn't see the bond. I told him I would leave the bond and I never saw the bond, and about the 15th day of May, 1894,—that was the first time I ever saw the bond. I didn't know anything at all about what was in the bond at that time." When asked as to whether or not anything about the road was mentioned when he bought the land, Mr. Clark answered: "No, sir; there wasn't. The road was never mentioned." There was but little real conflict as to what took place when the original oral agreement was made. One party assumed that in purchasing four acres the half of the highway was excluded therefrom,—the other that it was included. There was no misunderstanding of the terms of the contract, the misunderstanding was as to what was implied by the use of the language in which the terms were described.

By the terms of the bond for a deed which Mr. Warrick drew up, the land to be conveyed, upon full payments being made, was described as follows: "A piece of land in the southeast quarter of section one (1), township twenty-three (23), range three (3) west of the 6th P. M., Madison county, described as follows, to-wit: Commencing at a point on the section line seventy-six four-fifths $(76\frac{4}{5})$ rods due south of the northeast corner of said southeast quarter, running thence west twenty-five rods, thence south twenty-five and three-fifths rods $(25\frac{3}{5})$, thence east twenty-five (25) rods, and then to place of beginning." The reformation made this description read so that the tract to be conveyed measured twenty-seven rods east and west, instead of twenty-five rods as above recited. After Mr. Warrick had drawn the bond and it had been signed, it, with the notes, was left in his hands as a banker; the bond to be delivered to plaintiff, and

the notes to be surrendered to plaintiff as each was paid. Plaintiff testified that he paid all the notes but one without seeing or knowing of the description contained in the bond. After he learned of that description he paid the last note which fell due and thereafter refused to receive a deed following the description contained in the bond, but began this action to have it reformed to express his own understanding of the terms of his purchase. By this course the bond was recognized by him as proper evidence, and the court was not at liberty to discard it. To justify a court in reforming a written contract the evidence should be clear and satisfactory. (*Hale v. Young*, 24 Neb. 464.) In this case it is a circumstance of significance that plaintiff not only paid seven notes without seeing the bond for a deed, though Warrick held it for his benefit, but even after knowing of the description contained in it he paid the eighth and last note, and then, for the first time, made known to the defendant his understanding of the description which the deed he was entitled to was to contain.

Another very strong consideration which should be taken into account is that the one-half of the highway, under the terms of the reformed bond, is to be the property of plaintiff, subject to the easement of the public therein. He strenuously insists that he shall be given four acres, just what he contracted for, and the court not only has given him the four acres but along its side it has taken a strip two rods in width, subject to an easement, and has added that to what plaintiff understood was all he was to have. On the vacation of a highway the land therein included reverts to the abutting proprietor. (*Omaha S. R. Co. v. Beeson*, 36 Neb. 361. See, also, *Chicago, R. I. & P. R. Co. v. Shepherd*, 39 Neb. 525; *Blakely v. Chicago, K. & N. R. Co.*, 46 Neb. 272.) It has been held that a purchaser of land is bound to take notice of the existence of a public highway, and that the existence of such an easement is not a breach of covenant against incumbrances, though an easement of any kind would

Clark v. Mossman.

constitute such a breach. (*Huyck v. Andrews*, 113 N. Y. 81; *Wilson v. Cochran*, 46 Pa. St. 229; *Scribner v. Holmes*, 16 Ind. 142; *Kutz v. McCune*, 22 Wis. 628.) There are like holdings with reference to breaches of the covenant for quiet enjoyment. (*Whitbeck v. Cook*, 15 Johns. [N. Y.] 482; *Hymes v. Esty*, 22 N. E. Rep. [N. Y.] 1087.) In the case last cited it was said: "It must be deemed the settled doctrine in this state that the fact that part of land conveyed with covenant of warranty was at the time of conveyance a highway and used as such is not a breach of the covenant. This is so for the reason that the grantee must be presumed to have known of the existence of the public easement, and purchased upon a consideration in reference to the situation in that respect." We are not required to pass upon the effect of an existing public highway as creating a breach of the covenant for quiet enjoyment or against incumbrances. For our purposes it is sufficient to point out that under the above cases the existence of a public highway cannot be ignored by a purchaser of the land with which the title of the strip must pass subject to the easement indicated. In purchasing the four-acre tract plaintiff must be presumed to have taken notice of the public highway. Both parties, it is to be assumed, contracted with reference to its existence.

From all these considerations we think there was no clear and satisfactory evidence of a mistake between the parties as to the terms of the contract between them, and that plaintiff had no right to assume that he was not only entitled to four acres, but also to an additional strip two rods broad along its side. What he was entitled to under the circumstances indicated was four acres made up in part of the strip, subject to the easement of the public. The bond for the deed aptly and clearly expressed this right and should not have been reformed. The decree of the district court is therefore reversed and the action is

DISMISSED.