THE OMAHA, NIOBRARA AND BLACK HILLS RAILROAD COMPANY, PLAINTIFF IN ERROR, V. LEANDER GERRARD AND MICHAEL WHITMOYER, DEFENDANTS IN ERROR.

**Eminent Domain:** DAMAGES: TITLE TO PROPERTY. A and B were in possession of real estate having a title of record thereto. The R. R. Co. desiring to construct its road over the real estate applied to them for a grant of the right of way, which was refused. It then applied to the county judge for the appointment of commissioners to assess the damage to the real estate by reason of the appropriation of the necessary right of way, alleging A and B as the owners, and their refusal to make the grant. It was then agreed between the R. R. Co. and A and B that the land might be taken and occupied in the construction of the road, and the damages settled by a commission to be thereafter appointed. The commission was subsequently appointed and the damages assessed, from which the R. R. Co. appealed. No other person was made a party to the proceedings in the district court, and no other person claimed any interest in the land nor demanded the damages. *Held,* That the R. R. Co. could not dispute the ownership of A and B, nor their right to the damages assessed by the commissioners.

ERROR to the district court for Platte county. Tried below before NORVAL, J., sitting for POST, J.

*A. J. Poppleton* and *J. M. Thurston,* for plaintiff in error.

*W. H. Munger,* for defendants in error.

REESE, J.

In the year 1866 Thomas C. Durant, the owner of certain lands near the town of Columbus, caused them to be surveyed and platted into lots and blocks, the plat of which was filed as the Capital addition to the town of Columbus. The lands included in the survey and plat

were the north-east quarter of the south-east quarter and the south-west quarter of the north-east quarter of section twenty-four, in township seventeen north, range one west. In the year 1877 the defendants in error purchased a part of the land so platted, for the taxes due thereon. The part so purchased consisted of the platted portion which constituted the north-east quarter of the south-east quarter of said section twenty-four. On the 26th day of April, 1879, the county treasurer executed and delivered to them a tax deed for the lots so purchased. In February, 1881, the defendants in error being the owners under their tax deed of all the lots and blocks within the forty-acre tract, caused the streets and alleys therein to be vacated. On the 30th day of April, 1881, plaintiff being desirous of constructing its railroad over the land, filed with the county judge of Platte county its application for the appointment of six competent persons to inspect the real estate sought to be appropriated for its right of way, and assess the damages to the owners. In this application no mention is made of any lots or blocks, but the land is described as the north-east quarter of the south-east quarter of section twenty-four, etc.; neither is any reference made to Thomas C. Durant as having any interest in the property sought to be condemned. On the same day (April 30, 1881) the plaintiff in error and defendants in error entered into an agreement by which defendants in error were to allow the construction of the railroad across the forty acres of land (described as such) and that the question of damages for the right of way across the same should be settled by a commission to be appointed in accordance with law. The plaintiff in error then took possession of the land and began the construction of its road. On the eighth day of the following June a commission was issued by the county judge to six freeholders of the county requiring them to assess the damage to the property taken.

In the notice of this application given to the landowners,

the land in question is described as the north-east quarter of
the south-east quarter of section twenty-four, etc., and as
the property of defendants in error—the name of Durant
not being mentioned, except in a general way, with refer-
ence to any interest he might own in a part of the real es-
tate described in the notice. The return of the appraisers
was filed June 11th, 1881, by which the damage found
due defendants in error was assessed at $1,050. From
this assessment plaintiff in error appealed to the district
court. The trial in that court resulted in favor of plaintiff
in error. The defendants in error then removed the cause
into the supreme court, by proceedings in error, where
the decision of the district court in excluding the tax
deed of defendants in error was reversed and a new trial
granted. In the report of the case (14 Neb., 270) it is
held that the plaintiff in error could not, on appeal to the
district court, disprove the title of defendants in error
without pleading their want of title. Before a re-trial in
the district court, the plaintiff in error filed an answer,
alleging that defendants in error were not the owners, and
were not at the time the same was condemned and appro-
priated, and that they had no right, title, or interest in or
to the same, except that prior to the date of the condemna-
tion they had purchased the land with others, constituting
the forty acres (of which the land condemned was a part),
at tax sale of the treasurer of Platte-county, and, in addi-
tion to said purchase, had paid certain taxes levied and
assessed against the land. That plaintiff in error had no
knowledge of the amount of taxes so paid. That the tax
sale was void, and did not convey any title in or to the
land to defendants in error. That they had a lien upon
the land for the taxes so paid, and that the lien constituted
the only right, title, ownership, or claim of defendants in
error, and that the same would not exceed the sum of fifty
dollars, which plaintiff in error was willing to pay. There
is no suggestion or allegation in the answer of any facts

which would render the title of defendants in error bad or the sale to them void. A reply was filed which was in the nature of a demurrer, denying the right of plaintiff in error to question defendant's title at that stage of the proceedings, and also denying the allegation that they were not the owners.

Upon a re-trial, a jury being waived, the cause was tried to the court upon an agreed statement of facts, in connection with certain exhibits attached thereto. The stipulation contains substantially the facts stated above, with the additional facts that the value of the land taken was $1,051; also the amount of taxes paid by defendants in error. That one-fifth part of all the taxes paid were a lien on the land taken by plaintiff in error; and in case defendants in error did not recover as owners, they should have one-fifth part of the taxes paid, and legal interest thereon. That defendants in error have been in the exclusive possession of the land since the date of the tax deed, excepting the possession of plaintiffs in error of their right of way. This statement of facts was agreed upon, subject to the objection of defendants in error to the consideration by the court of any evidence or statement tending to show that they were not the owners of the land, for the reason that the same would be incompetent and immaterial, the plaintiff in error, by its condemnation proceedings and agreements, being estopped to deny their ownership; also subject to the objection of plaintiff in error that the tax deed was null and void upon its face, and insufficient in law to convey any title to defendants in error; and the further objection that the facts agreed upon were insufficient in law to authorize a recovery by defendants in error. The district court found the issues in favor of defendants in error, and rendered judgment for the stipulated damage. A motion for a new trial was filed by plaintiff in error, the grounds therefor being: *First*, That the finding and judgment were contrary to law; *Second*, That they were not

sustained by sufficient evidence; and *Third*, That upon the stipulation, the judgment should have been in favor of defendants in error for the amount of the tax lien admitted, and not for the value of the land. The motion being overruled, the cause is brought to this court by petition in error.

It is conceded by plaintiff in error that unless the tax deed is void upon its face, the judgment should be affirmed. It is contended by defendants in error that plaintiff in error is not in a situation to question their title.

If the position of defendants in error is correct it will then become unnecessary for us to examine as to the validity of the deed.

It must be observed that the answer of plaintiff in error fails to allege any facts which would render the deed void. It is true the ownership of defendants in error is denied. Then, why institute and maintain the condemnation proceedings against them? It is also true that the answer alleges that, prior to the date of the condemnation, defendants in error had purchased the forty acres—of which it was a part—at tax sale, and had paid certain taxes thereon; and that the sale was void, and did not convey any title. But why void? So far as the allegations of the answer are concerned the land was taxable when taxed. The taxes were legally levied, the sale lawfully made, and the deed properly executed. There is an entire absence of distinct facts showing the illegality of the sale or of the deed. This is not enough. *Southard v. Dorrington*, 10 Neb., 119. In the case cited, it is said that in an action at law for the possession of the premises under a tax deed, such an answer would probably be sufficient. But that is not this case. The holder of the original title does not attack the title of defendants in error, and the plaintiff in error proceeds against them directly as the owners.

But aside from the questions presented by the answer we can see no error in the decision and judgment of the district court. The plaintiff in error has recognized the

ownership of defendants in error at every stage of the case from its incipiency. If the tax deed was void on its face no title was conveyed, and the vacation of the streets and alleys was without any legal effect. Yet plaintiff in error ignores the plat as surveyed and recorded by Durant, and proceeds against the land in one body according to the government survey.

Section 97, Compiled Statutes, Ch. 16, authorizes the appiontment of commissioners to inspect real estate taken by a railroad company, if the owner shall refuse to grant the right of way through his or her premises. The refusal of the owner is jurisdictional. Mills on Eminent Domain, § 107. 1st Redfield on Railways, pp. 239 and 240. *Reitenbaugh v. Chester Valley Ry. Co.*, 21 Penn. St., 100. The petition in this case for the appointment of commissioners to assess damages alleged that the lands described in the petition appear to belong to defendant in error and others, but nothing is said as to Durant. It is also alleged that plaintiff in error had made application to the owners to purchase the right of way, but had been unable to treat with them for the purchase of the same, they refusing to grant the lands for the purposes required. Taking the record as our source of information, it is very evident that Durant was not one of whom it tried to purchase the lands. Durant is claiming nothing in this proceeding. For aught that appears he may have abandoned all claim to the land. There was no controversy before the commissioners as to ownership. The company, in our judgment, was estopped from denying the title or estate of defendants in error in the premises, or from asserting that they had any other title than that attributed to them in the proceedings to condemn. *Rippe v. Chicago, Dubuque & M. R. Co.*, 23 Minn., 18.

The judgment of the district court being, in our opinion, correct, for the reasons here given, it is unnecessary and would not be proper for us to discuss the question of the

validity of the tax deed as between defendants in error and Durant. Upon that question we express no opinion.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.