Omaha S. R. Co. v. Beeson.

OMAHA SOUTHERN RAILWAY COMPANY V. ALLEN
BEESON.

FILED MARCH 1, 1893.   No. 4744.

1. **Eminent Domain**: CONDEMNATION PROCEEDINGS: SUBSTITU-
TION OF INDEMNITOR.   A railroad company which has appro-
priated private property for right of way purposes, on appeal
to the district court from an award of damage is not entitled
to have a third party substituted and made a party in its stead,
on the ground that such person has agreed to indemnify it for
money expended for right of way.

2. **Intervention.**   To entitle a third party to intervene in an
action he must have some interest in the subject of the contro-
versy.   A mere contingent liability to answer over to the de-
fendant, without any privity with the plaintiff, is not sufficient.

3. **Jury**: DISCRETION OF TRIAL COURT: REVIEW.   In superin-
tending the impaneling of a jury some discretion is necessarily
confided to the court, and the excusing of a juror *for cause* will
not be held ground for reversal, unless there appears to have been
an abuse of discretion.

4. **Eminent Domain**: TRIAL OF APPEAL FROM AWARD OF DAM-
AGES: PHOTOGRAPH OF PREMISES: EVIDENCE.   Where on a
trial an inspection of the premises in question is proper, but im-
practicable or impossible, a photographic view thereof is ad-
missible.

5. ——: ——: EVIDENCE.   On trial of a condemnation proceed-
ing it was not error to admit evidence tending to prove that the
property in question (a tract of twenty-one acres adjoining the
city of Plattsmouth) was susceptible of subdivision into smaller
lots, by reason of which it was more valuable, and that in con-
sequence of the construction of the railroad track subdivision
thereof was rendered impossible, whereby the value of the tract
was greatly impaired.

6. ——: ——: ——: ANNOYANCE FROM PASSING TRAINS.
In such case, proof of annoyance by smoke and ashes from pass-
ing trains is admissible where the railroad track is constructed
near the dwelling of the property owner, not as an independent
element of damage, but as evidence tending to prove the value
of the property after the construction of the track.

7. ———: ———: WITNESSES: VOLUNTEER EVIDENCE: EXCEP-
TIONS: REVIEW. Where a witness volunteers · testimony not
responsive to any question, and which is immaterial under the
issues, the complaining party should object thereto or move to
strike it out of the record. A new trial will not be allowed on
account of such volunteer evidence when no objection is made
to it at the time of the trial.

8. Vacancy of Highway: REVERSION: EMINENT DOMAIN.
Where a public highway is vacated and abandoned as such by
lawful authority, the land included therein reverts to the abut-
ting proprietors and cannot be appropriated by a railroad com-
pany for right of way without making compensation to such
proprietors.

9. Evidence examined, and *held*, to prove a mere expression of opin-
ion of parties named in the record, and not an offer of compro-
mise, and is therefore admissible under the issues.

10. Instructions set out examined, and *held*, not subject to criticism
by the plaintiff in error.

ERROR from the district court of Cass county. Tried
below before CHAPMAN, J.

*A. N. Sullivan* and *Byron Clark,* for plaintiff in error

*E. H. Wooley* and *Beeson & Root, contra.*

POST, J.

This is a petition in error from Cass county, and brings
up for review the judgment of the district court, assessing
the damage of defendant in error by the appropriation of
certain property belonging to him adjoining the city of
Plattsmouth by plaintiff in error for right of way purposes
in the summer of 1890. The first error alleged is the re-
fusal of the court to substitute for the railroad company,
the defendant below, certain citizens of Plattsmouth who
had agreed to indemnify said company for all money ex-
pended for right of way through the property of defendant
in error. There is no error in the ruling complained of.
A sufficient answer to the argument of the plaintiff in error

is, that the proposed intervenors are apparently satisfied with the ruling of the district court, the only party complaining being the railroad company. But the ruling was right, for the reason that the parties named had no direct interest in the subject of the controversy. There was no privity between them and the defendant in error, whose property had been appropriated. Their interest was a mere contingent liability to answer to the railroad company in case judgment was recovered against it in the condemnation proceeding. It was not an agreement made with the company for the benefit of the defendant in error, upon which an action could be maintained by the latter. There is no power conferred upon the court to dismiss a defendant against whom a cause of action is alleged and substitute in his stead a stranger to the record on the sole ground that the latter has agreed to satisfy the judgment of the court.

2. The second assignment is the sustaining of the challenge for cause, by the defendant in error to Edward O'Neill, who was called as a juror. In our opinion the juror was competent and the challenge might properly have been overruled, but so far as the record discloses the jury selected was perfectly fair, and the ruling complained of was, at most, error without prejudice. In superintending the impaneling of the jury some discretion is necessarily confided to the trial court, and the excusing of a juror by it for cause will not be held ground for reversal, unless there appears to have been a clear abuse of discretion. (Thompson on Trials, 88, and authorities cited; *Richards v. State,* 36 Neb., 19.) There is a wide distinction between the retention of a juror shown to be incompetent by reason of prejudice, or the like, and the improper excusing of one on the same grounds. In the one case the law presumes prejudice to the complaining party, while in the other, in the absence of proof, the presumption is that the jurors selected possess all of the statutory qualifications; hence, the

action of the court, if erroneous, is not prejudicial to the rights of either party.

3. Objection is next made to the admission in evidence of a photograph of the premises taken before the construction of the road. There was no error in the admission of the evidence. The condition and value of the premises before the construction of the road were proper subjects for the jury to consider, and where an inspection of the premises is proper but impracticable or impossible, a photographic view of it is admissible. (Thompson on Trials, 869.)

4. Defendant in error was permitted to introduce evidence tending to prove that before the construction of the road, his property, about twenty-one acres, was susceptible of subdivision into smaller tracts or lots, which fact it was claimed rendered it more valuable, and that after the building of the road, subdivision thereof was impossible, by reason of which its value was greatly diminished. It is not disputed that the property in question adjoins the city of Plattsmouth and was suitable for subdivision into suburban lots facing upon a public street. If the railroad track was so constructed as to render subdivision impracticable and the value of the property thereby impaired, such fact amounts to a direct injury to the property, for which the owner may recover in a condemnation proceeding. (*Atchison & N. R. Co. v. Boerner*, 34 Neb., 240; *Atchison & N. R. Co. v. Forney*, 35 Id., 607, and cases cited.) The court therefore did not err in receiving the evidence over the objection of plaintiff in error.

5. It is next argued that the court erred in receiving proof of annoyance to defendant in error on account of smoke and ashes from the engines passing on the track near his residence. It is evident from the record that the evidence referred to was admitted for the purpose of showing the value of the property after the construction of the road, and for no other purpose. For that purpose it was

clearly admissible. If the house was rendered intrinsically less valuable by reason of dust and smoke from passing engines, that fact was admissible not as an independent element of damage, but to be taken into consideration in determining the value of the entire tract as it then was burdened by the right of way.

6. Defendant in error, while testifying in his own behalf, was asked about the necessity of moving his house, and when about to answer an objection was made, whereupon he said, "I will drop that, and state my house is not in sight of any other house," and proceeded to testify that it would in the future be less desirable as a residence, owing to its liability to be visited by tramps. It may be admitted that the testimony with reference to the probability of annoyance by tramps was inadmissible and prejudicial, but it was entirely voluntary, not purporting to be in response to any question and received without objection at the time, and the objection thereto made for the first time in this court will not be considered.

7. It appears from documents offered in evidence by plaintiff in error and rejected, that a part of the land appropriated, to-wit, sixty-seven hundredths of an acre, was within the boundaries described in defendant in error's title papers, but had until recently been a part of a public highway, and which had been vacated as such on the petition of the defendant in error. The court did not err in excluding the evidence. On the vacation of the highway the land included therein reverted to the abutting proprietors and could not be taken for right of way by the railroad company without making compensation therefor. It also appears from the transcript that the particular fraction in question is included in the property condemned on the application of the plaintiff in error and it is now estopped to deny the title of defendant in error. (*Omaha, N. & B. H. R. Co. v. Gerrard*, 17 Neb., 587.)

8. Objection is made to the cross-examination of Mr.

Windham as a witness, who, after having testified to the value of the premises which included a vineyard of about an acre in extent was asked, "Suppose that vineyard is just an acre and that we sold the grapes not used by the family, for $150 cash, would that affect the value of the property?" To which he answered: "That would increase the value of the property." The witness had been called by the defendant in error to prove the value of the property before the construction of the track and upon cross-examination it was disclosed that he had no knowledge of the vineyard when he was properly permitted to answer the above question. No objection was made on the ground that the proper foundation had not been laid, and we can see no reason for criticising the action of the court in overruling the objection.

9. Certain witnesses were called by the railroad company, who fixed the defendant in error's damage at much less than the sum allowed by the jury. From their cross-examination it appears that they were members of a committee representing parties who had contracted to procure the right of way as a donation to the railroad company. They were then asked if they did not visit the premises and, after having estimated his damage, assure defendant in error that he was reasonably entitled to $1,000, a sum much greater than their estimate at the trial. The objection to the above question is that the admissions offered were in the nature of an offer of compromise. That contention is not justified by the record. The evidence tends to prove a mere expression of opinion by the witnesses and not an offer to compromise.

10. Exception was taken to each paragraph of the instructions given by the court, thirteen in all, but the ones to which prominence is given in the brief of plaintiff in error are the fourth, eighth, and ninth, which are as follows:

"Fourth Instruction.—In determining the amount to be

allowed the plaintiff for the 2.05 acres of land taken by the defendant you are to find from the evidence what was its fair market value at the time it was taken. By this is not meant what the strip of land taken for the right of way, by itself, would be worth in the market, but as a part of the piece of the land owned by the plaintiff, and of which it formed a part, what would be the fair market value per acre for such land and allow the plaintiff at such rate for the 2.05 acres."

" Eighth Instruction.—You are instructed that you should not take as a separate and distinct basis for the assessment of damages such remote contingencies as frightening of horses, liability of fires, and danger to persons or property from passing trains, such contingencies are only to be considered for the purpose of determining whether and to what extent the value of the property will be decreased by the building and operation of the railroad. If, in consequence of its exposure to such dangers, the actual value of the property will be diminished to any extent, then such decrease in value measures the actual loss to the owner in so far as the damages done to his land not taken by the railroad is concerned."

" Ninth Instruction.—You are instructed that the evidence establishes the fact that the plaintiff is the owner of a piece of land of about twenty-one acres in a body, and in considering the question of the damage done to the land not taken, if you find from the evidence that the entire tract taken as a whole was damaged, then you should allow for such damage. Evidence has been introduced tending to show what the effect the location of the defendant's road would have upon the plaintiff's land for division into town or suburban lots and sale for such purposes. This evidence was admitted to aid you in finding the real and actual fair market value of the plaintiff's land for any use or purpose which you may find from the evidence the land was reasonably adapted for. You are not allowed to fix any specula-

tive value upon the plaintiff's land, based upon what the same might in the future be worth, but to find from the evidence and your own observation what the land before and after the location of the defendant's road was fairly worth in the market as it was at said times."

As to the fourth instruction it is sufficient to say that there was no controversy about the amount of land taken. The only contention was that a part of said amount had previously been within the limits of a public highway, and the right of defendant in error to recover therefor has already been considered.

Plaintiff in error has no cause to complain of the eighth instruction. If the value of the property is diminished in consequence of its exposure to fire and the like, that fact was proper to be considered by the jury, as bearing upon the question of value.

The ninth instruction correctly states the law. The fact that the land of the defendant in error was susceptible of division into suburban lots before the construction of the track and that it is now useless for such purpose, would certainly entitle him to recover, provided the effect thereof would be to diminish the value of the entire tract.

We have examined the whole record and see no ground for reversal of the judgment of the district court.

AFFIRMED.

THE other judges concur.