MARY E. MORRIS, Respondent, v. THE OREGON SHORT LINE RAILROAD COMPANY, Appellant.

No. 2029. Decided June 30, 1909 (102 Pac. 629).

1. PLEADING—WAIVER OF OBJECTIONS. Where, in an action against the railroad company for damages to plaintiff's easement in a street, by the extension of the railroad's use thereof, defendant's counsel at the trial admitted that plaintiff was the owner of the abutting property when the action was begun, and that title had been vested in her for a number of years prior thereto, it could not object that the complaint was defective for failure to directly aver that plaintiff was the owner of the property at the time the acts complained of were committed. (Page 17.)

2. EMINENT DOMAIN—USE OF STREETS—RIGHTS OF ABUTTING OWN-ERS. An abutting owner is entitled to recover damages to her property by the construction and operation of a commercial railroad in a public street, in front thereof, by which ingress and egress is impeded and the use of property otherwise directly affected, under Const. art. 1, sec. 22, providing that private property shall not be taken or damaged for public use without just compensation. (Page 18.)

3. RAILROADS—USE OF STREETS—RIGHTS OF ABUTTING OWNERS—DAMAGES. In an action by an abutting owner against a railroad company to recover damages for the impairment of the

use of his property by the construction and operation of a commercial railroad in the street in front thereof, the measure of damage is the depreciation of the market value of the property. (Page 18.)

4. TRIAL—REQUESTED CHARGE—INSTRUCTIONS GIVEN. It is not error to refuse a requested charge substantially covered by instructions given. (Page 19.)

5. WITNESSES—REFRESHING RECOLLECTION—MEMORANDA. Where a witness had made a memorandum as to the number of trains that passed in front of plaintiff's property on a particular day, he was entitled to use the memorandum to refresh his recollection in testifying in an action for depreciation of plaintiff's property due to the increased operation of the commercial railroad in the street in front thereof. (Page 19.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action to recover damages to property.

From a judgment for plaintiff defendant appealed.

AFFIRMED.

*P. L. Williams, Geo. H. Smith, Jno. G. Willis,* and *H. B. Thompson* for appellant.

*N. V. Jones* for respondent.

RESPONDENT'S AUTHORITIES.

Enc. of Evidence, vol. 5, pp. 203, 204, 213, 216, 221, 227, 229, 233; *Railroad v. Todd* (Neb.), 58 N. W. 59; *Railroad v. Beeson* (Neb.), 54 N. W. 577; *Railroad v. Kersey* (Pa. St.), 19 Atl. 553; *Weywe v. Railroad* (Wis.), 31 N. W. 710 *O. R. & N. Co. v. Owsly* (Wash.), 38 Pac. 186; *Railroad v. Trustees* (N. C.), 10 S. E. 761; *Railroad v. Wolf* (Neb.), 148 Fed. Rep. 961.

Judgment awarding permanent damages to landowner for unauthorized appropriation by telegraph company of right of way, confers same rights on the company as a condemnation of the right of way. (*Philips v. Telegraph Co.,* 28 Am. and Eng. R. Cases, p. 147.)

FRICK, J.

The respondent brought this action to recover damages as an abutting owner of certain property arising by reason of the construction and operation of a certain railroad in a public street of Salt Lake City. The complaint, stripped of all unnecessary verbiage, in substance, alleges: That the respondent is the owner of a certain parcel of ground one hundred by one hundred and sixty-five feet in Salt Lake City; that one hundred feet of said property abuts on a public street known as Third West street; that appellant for many years had operated a double-track, standard-gauge, steam railroad in said street immediately in front of respondent's property; that prior to the filing of the complaint the appellant had commenced and had "practically" completed the construction of two other tracks which connected with the first two tracks immediately in front of respondent's property, and then bear in a southwesterly direction across the south half of the street, one of which tracks passes within 9 feet and the other within 19 feet from the northwest corner of respondent's lot; that said tracks will be permanently used by appellant for the passage of its freight and passenger trains, and will also be used, with the permission of appellant, by another railroad company for the passage of its trains; that, in addition to the local traffic, many of said trains will pass between Salt Lake City and other distant points on the Pacific coast, northwest and southwest; that many heavy engines and trains of cars, both freight and passenger, together with switch engines switching cars, will, both day and night, pass to and fro in front of respondent's property; that by reason of the foregoing facts respondent's property will be injuriously affected; that the ingress and egress to and from the same will be greatly impeded; and that by other means directly attributable to the laying of said tracks, and the operation of said trains over them, as stated, the value of said property has been greatly depreciated. No damages are claimed by reason of the laying and the operation of trains over the first two tracks. Neither is there any claim made that the appellant did not have the legal right to lay

said tracks, or to operate its trains over them in the street aforesaid. Taking the admissions made by appellant at the trial, as they are made to appear from the record, in connection with the evidence adduced by respondent, other than the evidence of the depreciation of the value of respondent's property, the foregoing facts are not in dispute. Upon substantially the foregoing facts, and the evidence adduced by both parties relative to the depreciation of the market value of the property, the jury found the issues in favor of respondent, and awarded her damages in the sum of $5645.54. The court entered judgment on the verdict, and the appellant prosecutes this appeal.

Appellant contends that the complaint is defective, in substance, because it contains no direct averment that respondent was the owner of the property in question at the time the acts complained of were committed. Even if this were conceded, appellant is not in a position to take advantage of such a defect, since its counsel at the trial expressly admitted that respondent was the owner of the property when the action was begun, and that the title thereto for a number of years prior to that time was vested in her. From other allegations in the complaint it sufficiently appears that the acts of which she complains were all committed at a time or times when her ownership was conceded as aforesaid. Nor is the contention tenable that the special demurrer, upon the ground that the complaint is ambiguous and uncertain, should have been sustained. The object of the action was to recover damages for a physical invasion of respondent's easement in a public street, which invasion directly affected the use and enjoyment of her property, and as she alleged, depreciated its market value. While the complaint is by no means perfect, yet the trial court seemingly had no difficulty in determining its object and purpose, and proceeded to and did try the case upon the theory above outlined, all of which clearly appears from the record. With these matters disposed of, there is absolutely nothing in the record of which appellant can rightfully complain.

The theory adopted by the trial court was that an action by

an abutting owner for damages to his property occasioned by the construction and operation of a commercial railroad in a public street in front of his property by which ingress and egress to and from the property is impeded, and the use is otherwise directly affected, comes within the provision of section 22, art. 1, of our Constitution, which reads: "Private property shall not be taken or damaged for public use without just compensation." That an owner of property, which abuts on a public street, has such a property right in the street that he may, in a proper action, recover damages for an interference with such right, when such interference directly affects his property, is too well settled by the authorities to require further discussion. Nor are the elements which may be considered in determining the damages to the property longer open for discussion. In such an action everything which arises out of the proper construction and proper operation of the railroad which directly affects the salable value of the abutting property may ordinarily be considered as elements in assessing damages. Many things are usually taken into consideration in such actions, which would not give rise to an independent action, and in such an action all the damages are assessed as constituting a single cause of action, and the measure of such damages is the amount that the property has depreciated in market value. This is amply illustrated by the authorities. See 1 Lewis, Eminent Domain, sections 112 to 125, where the cases are collated and the various phases of damage suits by abutting owners are fully discussed. We refer, also, to *Meyer v. C., W. & N. Ry.*, 68 Wis. 180, 31 N. W. 710, and *Omaha S. Ry. v. Beeson*, 36 Neb. 361, 54 N. W. 557, as cases which illustrate the rule. Such an action is no different in principle from an action for damages to the remaining property where a part only is condemned. The easement the abutting owner has in the street is a property right, and an interference with this right is, to the extent of the interference, deemed a taking of property for which, if such taking directly injures the abutting property, as aforesaid, the owner may recover damages.

An examination of the evidence discloses that the trial court fully protected appellant in its rights. No evidence was improperly admitted. Indeed, the court excluded some evidence which other courts have admitted, not as elements of independent damages, but as elements affecting the market value of the property. Nor is there anything prejudicial to appellant's rights contained in any of the instructions complained of. From a careful reading of the instructions, we have discovered nothing that is contrary to the well-settled rules of law with respect to the subjects to which the instructions relate. Moreover, the instructions were all applicable to the facts, and fully and correctly advised the jury what elements they might consider in determining the amount of damages. The jury were also directed that, in determining the amount of damages, they should consider any special benefits to the property in question that might arise by reason of its desirability for purposes other than those for which it was then used by the owner. The legal rights of the appellant were thus fully protected by the instructions given, and nothing is contained in the instructions refused which was not covered by the charge given by the court.

The contention that the court committed prejudicial error in permitting a witness to use a memorandum made by him at the time of the occurrence, in testifying to the number of trains that passed in front of the property in question on a particular day, cannot be sustained. There is nothing shown that the witness made any improper use of the memorandum while testifying. The witness had a right to refresh his recollection from any memorandum which he had made at or about the time the incident testified to took place. The court was certainly within bounds when he permitted the witness to consult the memorandum for that purpose.

From what has been said, it follows that the judgment should be, and it accordingly is, affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.