357 P.2d 486

SALT LAKE COUNTY COTTONWOOD SANITARY DISTRICT, an Improvement District, in Salt Lake County, by Lamont B. Gunderson, Edwin Q. Cannon and Abram Barker, its Board of Trustees, Plaintiffs and Respondents,

v.

Clements T. TOONE and Elmina S. Toone, his wife, Defendants and Appellants.

No. 9275.

Supreme Court of Utah.

Dec. 13, 1960.

Roy F. Tygesen, Magna, for appellants.

Fred L. Finlinson, L. Delos Daines, Salt Lake City, for respondents.

CROCKETT, Chief Justice.

Plaintiffs sued to condemn a right of way for a sewer line across defendants' property, a six-acre tract of unimproved land at the east edge of Murray, Salt Lake County.[1]

The parties entered into an agreement by which the plaintiff paid defendants $1,000 for the right of way, but also agreed upon the following reservation:

> "3. There is reserved to the defendants the question as to whether or not they have or will sustain any damage as a result of the loss of water supplied or furnished by two springs located on the

1. Plaintiff is a special improvement district in Salt Lake County. Condemnation for sewers is authorized by Sec. 78–34–1(9) U.C.A.1953.

defendants' property by the construction of said sewer line. This reservation in no way constitutes an admission on the part of the plaintiff that the defendants have suffered any damage of any kind or nature or that plaintiff is liable to defendants for damage suffered, if any. Defendants shall have a right to amend their pleadings to assert such claim."

After the installation of the sewer the defendants amended their answer and counterclaim seeking a further award for loss of water on their property. After a pretrial the court entered summary judgment of $1 nominal damages for the defendants. They appeal.

In support of their claim for further compensation, the defendants proposed to show that they had plans involving the use of the water to develop and maintain ponds for the commercial production of fish and which would also beautify the property and transform it into a country estate. The basis of their claim is the cost of restoring the alleged lost water. This they assert to be $57,250, which incidentally is nearly double the maximum value placed on the entire property by Mr. Toone himself at $5,000 per acre. The plaintiffs deny that their installation of a sewer caused any loss of water, and aver that it was general drouth conditions and/or the installation of another sewer line by third parties which brought about any loss of water on the defendants' land. However, the dispute over this issue is not of concern here. Assuming the facts to be as defendants contend, the critical question is whether the defendants can recover damages upon the theory presented to the trial court.

▐▐ The cardinal and well-recognized rule as to the measure of damages to property not actually taken but affected by condemnation is the difference in market value of the property before and after the taking.[2] The defendants' position is that this rule does not apply here because of paragraph 3 of the agreement, hereinabove quoted. In spite of defendants' efforts to the contrary, we do not see how the language of that paragraph can be tortured into meaning anything other than that the existing law shall be ascertained and applied to the problem at hand, with no implication favoring either the plaintiff or the defendants in that regard.

2. See State v. Ward, 112 Utah 452, 189 P.2d 113; State, By and Through Road Commission v. Cooperative Security Corp., 122 Utah 134, 247 P.2d 269; Morris v. Oregon Short Line R. Co., 36 Utah 14, 102 P. 629; Telluride Power Co. v. Bruneau, 41 Utah 4, 125 P. 399.

We have no disposition to disagree with the defendants' argument that evidence of plans for a particular use of property may be material and relevant where it is offered as having some bearing upon its value under the rule stated above. But the defendants did not propose to proceed upon that premise. After a discussion of the question as to damages awardable, they elected to stand upon their amended answer and counter-claim that their damages were "the reasonable cost of replacing the water" and declined to offer any proof that the market value of their property was less after the establishment of the easement than it was before. The only representation upon that issue before the trial court was that tendered by the plaintiff: that the property is located in an expanding residential area; that its most valuable potential use is as a sub-division; that it formerly was water-logged and swampy; and that any draining of its sub-surface water has actually enhanced its value.

Upon the basis of the record as presented to it, the court correctly entered the summary judgment.[3] Affirmed. Costs to plaintiff (respondent).

WADE, HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

3. For a statement of value of summary judgment in saving the time, effort, and expense of trial, see Moore, Federal Practice § 56.02 [10]; Abdulkadir v. Western Pac. R. R. Co., 7 Utah 2d 53, 318 P.2d 339.