HOUGHS v. STATE HIGHWAY COMMISSIONER.

1. Highways and Streets—Indirect Access.
   Mere inconvenience caused by the necessity to use a more indirect route to travel in certain directions is not a deprivation of access to a public highway, hence, is not compensable.

2. Same—Fence Along Expressway.
   The construction of a fence along and parallel to an expressway for the purpose of limiting access to said expressway is a valid exercise of police power provided the fence does not eliminate indirect access and is not erected on private property.

3. Costs—Public Question—Removal of Fence.
   No costs are awarded in mandamus to compel removal of fence State highway commissioner had erected parallel and adjacent to an interstate highway, a public question being involved.

Original mandamus proceeding in the Supreme Court by Carl E. Houghs and others against John

References for Points in Headnotes
[1, 2] 25 Am Jur, Highways § 154.
   Abutting owner's right to damages or other relief for loss of access because of limited-access highway or street. 43 ALR2d 1072.
[3] 5 Am Jur 2d, Appeal and Error § 1009.

C. Mackie, State Highway Commissioner, to compel removal of a fence which defendant had caused to be erected and which had limited plaintiffs' access to their property. Defendant's motion to add the Wayne County Board of Road Commissioners as a party defendant granted. Case referred to the Wayne County Circuit Court for findings of fact. Cause transferred to the Court of Appeals for decision. Submitted Division 2 June 9, 1965, at Lansing. (Docket No. 2.)    Writ denied October 18, 1965. Leave to appeal denied by Supreme Court January 11, 1966. See 377 Mich 696.

*Willard L. Mikesell,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Samuel D. Frane* and *Louis J. Caruso* and *Donald K. Goulais,* Assistant Attorneys General, for defendant State Highway Commissioner.

*John P. Cushman* and *Frank W. Lindeman,* for defendant Wayne County Board of Road Commissioners.

J. H. GILLIS, P. J.  This is a mandamus action to compel the commissioner of the Michigan State highway department to remove a fence which the department erected parallel and adjacent to I–94. A service drive parallels the fence and plaintiffs either own property abutting the service drive or a street leading into the service drive. This action was commenced in the Supreme Court, referred to the Wayne county circuit court for findings of fact on stated issues and transferred to this Court for decision. The board of county road commissioners for the county of Wayne had been added as a party defendant.

The circuit court found:

(1) The petitioners continue to have access to the highway but such access is 1/2 to 3/4 of a mile east of their property;

(2) Petitioners have suffered substantial damages; and

(3) No official action was taken at the time the fence was erected to acquire any property rights from the petitioners.

The issue before this Court is whether the construction of the fence for the purpose of limiting access to the expressway without the acquisition or condemnation of access rights constitutes the taking of private property without compensation or a valid exercise of police power.

Mere inconvenience caused by the necessity to use a more indirect route to travel in certain directions is not a deprivation of access and, hence not compensable. See *Tomazewski* v. *Palmer Bee Co.* (1923), 223 Mich 565. The Supreme Court held in *State Highway Commissioner* v. *Watt* (1965), 374 Mich 300, that damages attributable to diversion of traffic are not compensable and this Court holds that whether traffic is diverted by rerouting a road or erecting a fence is immaterial. The construction of a fence along and parallel to an expressway for the purpose of limiting access to said expressway is a valid exercise of police power provided the fence does not eliminate indirect access and is not erected on private property.

Petition for mandamus denied. No costs are awarded since a public question is involved.

T. G. KAVANAGH and QUINN, JJ., concurred.