469 P.2d 1019

**STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Respondent,**

v.

**David Douglas HOOPER and Alice Hooper, his wife, South Slaterville Irrigation Company, Vida M. Blakesley, a widow, Defendants and Appellant.**

**No. 11580.**

Supreme Court of Utah.

May 20, 1970.

---

Maurice Richards, Ogden, for appellant.

Vernon B. Romney, Atty. Gen., Gary A. Frank, Special Asst. Atty. Gen., Salt Lake City, for respondent.

ELLETT, Justice.

The appellant owned a strip of land 1,630 feet long by 33 feet wide upon which it had constructed a concrete canal and a twelve foot service roadway. The respondent constructed a freeway over and across the appellant's land and in doing so condemned 7½ feet of the roadway for a distance of 270 feet. This left only 4½ feet for travel upon the road thus effectively destroying it for vehicular traffic.

The trial court, sitting without a jury, awarded $450 for the land taken but gave nothing as severance damages, and this appeal is from the failure to award severance damages only.

Section 78–34–10, U.C.A.1953, so far as material, reads:

> The court * * * must hear such legal evidence as may be offered by any of the parties to the proceedings, and thereupon must ascertain and assess:
>
> * * * * * *
>
> (2) If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned *by reason of its severance from the portion sought to be condemned* and the construction of the improvement in the manner proposed by the plaintiff. [Emphasis added.]

Here a 12 foot road is rendered useless because of *the taking of a part of it* out of the middle. The actual value of the land

condemned as determined by the court seems to have been properly assessed, as neither party makes any complaint in that regard. However, there is a damage to the land not taken which is directly related to the taking of a part of the road.

The respondent relies upon a case recently decided by this court[1] which at first blush, appears to be controlling here. However a close look at that case shows that it is not in point.

There the landowner also owned a canal and parallel service road. Highway 91 crossed the canal and the landowner in traveling along the service road crossed the highway. When the state converted Highway 91 into a non-access freeway the landowner had to travel on a side road some distance in order to cross under the freeway and then return on the other side of the freeway to his service road. Such damages as the landowner there suffered resulted not from the taking but from not being permitted to cross the freeway. His damage would have been exactly the same if, instead of a non-access freeway, a median strip had been placed as a safety measure in the center of the old highway. The extra travel was therefore not related to the actual taking of a small strip of land in the Sugar case as it was in the instant matter.

The judgment is reversed as to the severance damage only, and the case is remanded to the district court to determine the amount thereof.

Costs are awarded to the appellant.

TUCKETT, J., concurs.

CROCKETT, Chief Justice (concurring).

I concur with the main opinion that there is a severance damage caused by the taking of the defendants' property for which they should have compensation. But I except from my concurrence the comments about State Road Commission v. Utah Sugar Company, because, as explained in my dissent in that case, I thought that viewing the total fact situation, there was also severance damage which should have been compensated. However, I further note my recognition that the majority decision therein is now the established law of this State in that fact situation.

CALLISTER, Justice (concurring in the result).

I concur in the result of Justice Ellett that appellant is entitled to severance damages. However, the evidence of severance damages must be strictly confined to the diminution in fair market of the remaining strip of land. The evidence concerning extra travel is proof of consequential damages, which as observed by Justice Henriod,

1. State Road Commission v. Utah Sugar Co., 22 Utah 2d 77, 448 P.2d 901 (1968).

is noncompensable in an eminent domain proceeding.

HENRIOD, Justice (dissenting).

First, the two points on appeal were to the effect that 1) the state tortiously violated appellant's property rights and 2) made it impossible to reach its east bank of the canal because of the condemnation.

There is no evidence of mala fides on the part of the state whatever, so that the first point has no merit. As to the second point, without dispute, appellant's director testified that by traveling 1½ miles further each way, its company had access to the east bank of its canal,—hence this point on appeal also is without merit. A third point *raised in the main opinion* for the first time, it appears, is that even though the company had such access, the cost involved in traveling the three miles extra to maintain the canal was a compensable item of severance damages.

State Road Commission v. Utah Sugar Co., 22 Utah 2d 77, 448 P.2d 901 (1968), was and is directly in point, being almost identical factually to the instant case and quite dispositive thereof on principle. The trial court thought so, and refused to make an award for such cost of travel for maintenance purposes. There was no evidence that the *land* remaining on the maintenance road itself was damaged.

The only differences between this case and the Sugar case are: 1) That in the latter case it took six miles over a circuitous route to get to the condemnee's private maintenance road, while here it took but three; 2) that in the Sugar case the private maintenance road ran *North and South* at *right angles* to the freeway, while here such road ran *East and West* but *parallel* to the freeway; and 3) that in the Sugar case the condemnee had to cross the *state* freeway at another point to get to its maintenance road, while here the condemnee had to use and cross some *city streets* to get to its road.

In the main opinion, Mr. Justice Ellett tries to distinguish the two cases with an ipse dixit, asserting that in the Sugar case "Such damages as the landowner there suffered resulted not from the taking but from not being permitted to cross the freeway." This is not quite true. There was a taking of part of the Sugar Company's land, which *taking* was the causa causans of the company's liability to go across a busy freeway. Had it attempted to do so it would have had to commit a trespass, so that the *taking* actually was the cause that required the company to take a more circuitous route, and the prohibition from crossing the freeway but evidence of that fact. It appears, therefore, that the main opinion simply confuses a cause with inconvenience,—which inconvenience, under the Sugar case, under the principle enunciated in Nichols on

Eminent Domain and other authorities,[1] is not compensable, whether we call such inconvenience the result of "severance" or "consequential" damages. In other words, the authorities assign the necessity of traveling a more "circuitous route" as a noncompensable item in eminent domain litigation. The main opinion cites no authority whatever to the contrary. At the expense of being repetitious, but for emphasis, the principle in Nichols, Eminent Domain, Vol. 4, Sec. 14.1, p. 491, is repeated here:

> Inconvenience of travel occasioned by being required to follow a more circuitous route due to a completed highway improvement is not a proper subject for a damage award.

If the majority of the court feels that the cost of traveling three miles further to get to a maintenance road is a compensable item of severance damages because of the inconvenience involved, then, in all consistency, the court should overrule the case of State Road Commission v. Utah Sugar Co. and thus put to rest the matter of inconvenience of a more circuitous route, and unequivocally announce that hereafter such rerouting and the cost thereof, including future maintenance thereof, must be borne by the taxpayer. The court then might well look into the matter of compensability for consequential damages where a citizen, no party to the condemnation, would be required to travel an additional mile and a half to work and back because of the completion of a public highway improvement.

Mr. Justice Callister's concurrence in the result compounds the error of the main opinion. I have no quarrel with the principle that appellant or any other condemnee in an eminent domain case is entitled to severance damages. But they must be *true* severance damages, which were not urged or proved here except by way of misnomer. All that plaintiff claimed here was 1) that the state was guilty of tortious conduct, and 2) that plaintiff was unable to reach its canal bank. *Both* of these contentions were unsupported by any substantial evidence. On the contrary, they were disproved beyond any serious doubt, and the trial court was correct in so finding and concluding. Justices Ellett and Callister simply say that the appellant is entitled to severance damages, but neither one of them can or does point to the record to show why or in what amount, or to any proof thereof. It is simply to give the appellant another whack at this case under an invited new approach,—thus placing this court in the role of advocate and tutor for the appellant. One wonders where, under such procedure,

---

1. Nichols, Eminent Domain, Vol. 4, Sec. 14.1, p. 491; Houghs v. Mackie, 1 Mich. App. 554, 137 N.W.2d 289 (1965); State Highway Commission v. Watt, 374 Mich. 300, 132 N.W.2d 113 (1965); State Road Commission v. Utah Sugar Co., supra.

litigation should stop, and whether, on a new trial followed by another appeal, this court will supply another unsolicited and unwarranted issue, to appease appellant and appall the taxpayer.