**PROVO CITY CORPORATION,
Plaintiff and Appellant,**

v.

**Donna I. KNUDSEN, Defendant
and Respondent.**

**No. 14637.**

Supreme Court of Utah.

Jan. 13, 1977.

---

**3.** 98 Utah 466, 100 P.2d 571 (1940).

**4.** Laws of Utah, 1965, Ch. 106, 54–2–1(29), now cited as 54–2–1(30), U.C.A. 1953, Replacement Vol. 6A.

Glen J. Ellis, Provo City Atty., Provo, for plaintiff-appellant.

Glen E. Fuller, Salt Lake City, Marlin K. Jensen, Ogden, for defendant-respondent.

CROCKETT, Justice:

Provo City sued in eminent domain to condemn an aerial easement across 13.19 acres of a 33.37 acre tract of farm land owned by the defendant near the municipal airport. The parties agreed that the only issue for trial was as to damages. On the basis of evidence adduced for both sides, the court awarded $16,495 for the easement over the 13.19 acres; and also awarded $4,500 as severance damages resulting to the remainder of defendant's tract.

Plaintiff appeals, attacking only the award of severance damages. It contends that under our law such damages are not awardable in connection with taking an aerial easement, but only where there is an actual physical taking of land.

This condemnation came about as part of a project enlarging and improving the airport. The easement as sought and granted prohibits the erection of buildings, or any other obstructions, or the growth of trees, higher than 24 feet above the ground on the 13.19 acres, grants the right to fly aircraft over that area, provides for the toleration of such noise as is incident thereto and to the use of the airport; and allows plaintiff the right of entry over defendant's land, to remove any violating obstructions.

Plaintiff's opposition to the allowance of severance damages is based upon Section 78–34–10, U.C.A.1953:

> (2) If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned
> . . . .

It points to adjudications upon that statute which declare that no severance damages are awardable unless there is an actual

taking of property;[1] and argues that the condemnation as recited above does not constitute such a taking.

 It is probably true that when that statute was drafted its framers were thinking mainly in the sense of the physical taking of a part of the condemnee's land and its severance from his remaining lands; and similarly true that certain cases dealing with that statute have likewise been concerned with such circumstances.[2] However, if our statutes are carefully scrutinized in the light of their purpose, as they should be, they are reasonably understood as not including the taking herein.[3]

 It is pertinent to reflect that there are numerous situations where it is recognized that severance damages are awardable even though there is not an outright taking of any part of the land, but where only an easement through or over it is granted. For example, for a pipeline,[4] or a utility line,[5] or a canal,[6] or a roadway,[7] in all of which instances it has been held that severance damages to the owner's remaining property are properly awardable. In that connection it should be borne in mind that in addition to the right of peaceable possession of his property the owner has quite a number of other rights and privileges which he should be able to exercise without limitation or restraint, including in the air above and the earth beneath. They are sometimes referred to as a "bundle of rights" and compared to a bundle of sticks, each of which may be violated, removed, or dealt with separately.

 If the rights as granted to the plaintiff in the aerial easement as hereinabove recited are correctly analyzed it will be seen that the total "bundle of rights" the defendant would otherwise have in his land are correspondingly reduced. It is our opinion that this constitutes a real and substantial taking of a part of his property, just as effectively as if a part thereof has been severed physically; and is thus a taking of a part of his property within the meaning and intent of the condemnation statutes. It therefore follows that the defendant is entitled to compensation, not only for the market value of the land directly so affected, but also for severance damages resulting for decreasing the market value of the remainder of her land.[8]

 With respect to the damages awarded, it is sufficient to say in brief: the judgment of $16,495 appears to have been on the basis of a diminution of 25 per cent on an evaluation of $5,000 per acre for the 13.19 acres over which flight is permitted; and that the award of $4,500 severance damages was for diminution in market value of the remainder of the tract; and that these figures are well within the appraisals given by the expert witnesses for the respective parties.

Affirmed. No costs awarded.

ELLETT, MAUGHAN, and WILKINS, JJ., and VeNOY CHRISTOFFERSEN, District Judge, concur.

HENRIOD, C. J., does not participate herein.

1. E.g. *State Road Comm. v. Rozelle,* 101 Utah 464, 120 P.2d 276 (1941); *Springville Banking Co. v. Burton,* 10 Utah 2d 100, 349 P.2d 157 (1960); *Fairclough v. Salt Lake County,* 10 Utah 2d 417, 354 P.2d 105 (1960).

2. See *Provo River Water Users' Ass'n v. Carlson,* 103 Utah 93, 133 P.2d 777 (1943).

3. See Sec. 78–34–10, et seq.

4. *Wasatch Gas Co. v. Bouwhuis,* 82 Utah 573, 26 P.2d 548 (1933).

5. *Telluride Power Co. v. Bruneau,* 41 Utah 4, 125 P. 399 (1912).

6. *Big Cottonwood Tanner Ditch Co. v. Moyle,* 109 Utah 213, 174 P.2d 148, 172 A.L.R. 175 (1946); *Weber Basin Water Conserv. Dist. v. Gailey,* 8 Utah 2d 55, 328 P.2d 175 (1958).

7. *State Road Comm. v. Hooper,* 24 Utah 2d 249, 469 P.2d 1019 (1970).

8. See *State Road Commission v. Peterson,* 12 Utah 2d 317, 366 P.2d 76; *Salt Lake County, etc. v. Toone,* 11 Utah 2d 232, 357 P.2d 486.