**2015 UT App 251**

# THE UTAH COURT OF APPEALS

CFD PAYSON, LLC,
Plaintiff and Appellant,
*v.*
STEVE S. CHRISTENSEN; HIRSCHI CHRISTENSEN, PLLC; KIM DAHL;
CHRISTENSEN THORNTON, PLLC; AND LISA THORNTON,
Defendants and Appellees.

Memorandum Decision
No. 20140412-CA
Filed October 8, 2015

Fourth District Court, Provo Department
The Honorable Darold J. McDade
No. 130401268

Rosemond G. Blakelock, Attorney for Appellant

Patrick C. Burt, Attorney for Appellees Steve S.
Christensen; Hirschi Christensen, PLLC; Christensen
Thornton, PLLC; and Lisa Thornton

Steve S. Christensen, Attorney for Appellee
Kim Dahl

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGE GREGORY K. ORME concurred. JUDGE
JAMES Z. DAVIS concurred in the result.

CHRISTIANSEN, Judge:

¶1     CFD Payson, LLC challenges the district court's dismissal
of the wrongful-lien and slander-of-title claims it asserted
against Kim Dahl and her attorneys. Because we agree with CFD
Payson that Kim Dahl does not have an ownership interest in
CFD Payson's real property that would authorize the liens
against that property, we reverse the district court's dismissal of

CFD Payson's claims and remand the matter to the district court for further proceedings.

¶2      This case has its genesis in the divorce of Charles Dahl and Kim Dahl in 2010. *See generally Dahl v. Dahl*, 2015 UT 79. In dividing the Dahl's marital estate, the divorce court ordered the liquidation of the "Pheasant Run investment," a real-estate investment owned by Charles Dahl. The divorce court concluded that Charles Dahl's interest in the real-estate investment was marital property and ordered that this interest be immediately liquidated and that the proceeds from liquidating his interest in the investment be divided equally between Kim Dahl and Charles Dahl. At the time of the divorce, the real-estate investment was, at its core, a partial ownership interest in a parcel of real property located in Spanish Fork, Utah. The real property itself was fully owned by Pheasant Run at Spanish Fields, LLC (the Pheasant Run land). CFD Payson owned a one-third interest in Pheasant Run at Spanish Fields, LLC. CFD Payson was, in turn, wholly owned by Charles Dahl.

¶3      In March 2012, Kim Dahl recorded a Notice of Lien on the Pheasant Run land, asserting a lien "upon one-half of all proceeds from the sale of the described property." The same day, Kim Dahl's attorney, Steve S. Christensen, recorded a Notice of Lien on the Pheasant Run land on behalf of himself; Hirschi Christensen, PLLC; and Christensen Thornton, PLLC (collectively, the Attorney Defendants) asserting a lien "on all equitable or legal interest now held by Kim Dahl" (the Attorney Lien). The Attorney Lien described the basis of the lien as an arrearage in legal fees owed by Kim Dahl to the Attorney Defendants in the amount of $1,660,000.

¶4      On April 4, 2012, CFD Payson served demand letters on Kim Dahl and the Attorney Defendants requesting the release of the liens. CFD Payson asserted that the liens were wrongful liens under the Wrongful Lien Act. *See* Utah Code Ann. § 38-9-1

(LexisNexis 2010). Kim Dahl released her lien on April 25, 2012, but the Attorney Defendants did not release their lien—a problematic choice because their lien purported to attach to Kim Dahl's interest in the Pheasant Run land rather than to the real property itself.

¶5     CFD Payson then filed a complaint in district court, claiming that Kim Dahl and the Attorney Defendants had slandered CFD Payson's title by recording their liens against the Pheasant Run land, and sought a declaratory judgment that the liens were wrongful pursuant to the Wrongful Lien Act. In response, the Attorney Defendants filed a motion to dismiss and Kim Dahl filed a motion for summary judgment on CFD Payson's claims. Both motions were based on the argument that Kim Dahl had a vested ownership interest in the Pheasant Run land by virtue of the divorce decree's award to her of one-half the proceeds of the sale of the Pheasant Run investment. The Attorney Defendants therefore claimed that the liens were proper because Kim Dahl was an owner of the real property owned by Pheasant Run.

¶6     The district court granted both the Attorney Defendants' motion to dismiss and Kim Dahl's motion for summary judgment on the same basis. The court determined that "the Dahl divorce decree awarded [Kim] Dahl [a] vested interest, and therefore ownership, in the Property in question." The court therefore concluded that "the liens in question were not wrongful and defendants did not slander the title of the Property." The district court dismissed CFD Payson's claims with prejudice. CFD Payson now appeals.

¶7     CFD Payson argues that the district court erred in concluding (1) that Kim Dahl had an ownership interest in the Pheasant Run land and (2) that the liens were therefore valid and enforceable. We review the district court's grant of both a motion to dismiss and a motion for summary judgment for correctness.

*See Francis v. State*, 2013 UT 65, ¶ 19, 321 P.3d 1089 (summary judgment); *Osguthorpe v. Wolf Mountain Resorts, LC*, 2010 UT 29, ¶ 10, 232 P.3d 999 (motion to dismiss). A lien is wrongful if, at the time it is recorded, the lien is not (1) expressly authorized by statute, (2) authorized by or contained in a court order, or (3) signed by or authorized by the owner of the real property. Utah Code Ann. § 38-9-1(6) (LexisNexis 2010). "A slanderous statement is one that is derogatory or injurious to the legal validity of an owner's title or to his or her right to sell or hypothecate the property; second, the statement must be false; third, the statement must have been made with malice; and, fourth, the statement must cause actual or special damages to the plaintiff." *Bass v. Planned Mgmt. Servs., Inc.*, 761 P.2d 566, 568 (Utah 1988) (footnote omitted). We read the district court's ruling as a determination that, because Kim Dahl had an ownership interest in the proceeds from the sale of the Pheasant Run investment, neither her lien on the Pheasant Run land nor the Attorney Lien recorded against Kim Dahl's interest in the Pheasant Run land were wrongful or "false" because the liens were authorized by the owner and authorized by statute, respectively.[1]

¶8    CFD Payson argues that the district court erred in concluding that the divorce decree gave Kim Dahl an ownership interest in the Pheasant Run land. CFD Payson observes that, at the time the decree was entered, the real property as issue was owned by Pheasant Run at Spanish Fields, LLC which was itself owned, in part, by CFD Payson. CFD Payson contends that

---

1. Utah law permits an attorney to record a lien "for the balance of compensation due from a client on any money or property owned by the client that is the subject of or connected with work performed for the client." Utah Code Ann. § 38-2-7(2) (LexisNexis 2010).

Charles Dahl, the sole owner of CFD Payson, "therefore had no legal ownership in the [real property] owned by the [Spanish Fields] LLC." CFD Payson further contends that "[t]he lack of any legal ownership in the real property by [Charles] Dahl logically precludes Kim Dahl's claim [of ownership]." We agree.

¶9      At all times relevant here, formation and operation of a limited liability company (LLC) under Utah law was governed by the Utah Revised Limited Liability Company Act. *See* Utah Code Ann. §§ 48-2c-101 et seq. (LexisNexis 2010). "A company formed under this chapter is a legal entity distinct from its members." *Id.* § 48-2c-104. The nature of a member's interest in an LLC is "personal property regardless of the nature of the property owned by the company" and "[a] member has no interest in specific property of a company." Utah Code Ann. §§ 48-2c-701(1), -701(2). A membership interest in an LLC therefore does not give the member any interest in the real property owned by the company. *See, e.g.*, *In re McCauley*, 520 B.R. 874, 882 (Bankr. D. Utah 2014) (concluding that, under Utah law, a membership interest in an LLC did not give a debtor or his wife any interest in the LLC's real property); *TenEyck v. TenEyck*, 885 So.2d 146, 153 (Ala. Civ. App. 2003) (concluding that, under a substantially similar Alabama law, "a member of an LLC has no interest in property owned by the LLC"). Thus, even though Charles Dahl is the sole member of CFD Payson, he had no personal ownership interest in the Pheasant Run land itself either at the time of the divorce decree or at the time the liens were filed. Likewise, although Kim Dahl was awarded proceeds from the ordered sale of the Pheasant Run investment, she necessarily had no legally cognizable interest in the Pheasant Run land itself, as would support recordation of a lien against the Pheasant Run land.

¶10      For a marital asset to be distributed, the asset must be in the legal possession of one or both of the marital parties. *Endrody v. Endrody*, 914 P.2d 1166, 1169 (Utah Ct. App. 1996). Thus, assets

in the rightful legal possession of a separate entity generally "are not available for distribution as marital assets."[2] *Id.* Because the Pheasant Run land was not in the actual legal possession of either Charles Dahl or Kim Dahl at the time of their divorce, the Pheasant Run land itself cannot be subject to distribution in the divorce decree, even though proceeds from the eventual liquidation of the Pheasant Run investment could be subject to distribution when characterized, as they were here, as marital property.[3]

---

2. Utah has a long-established policy in favor of the equitable distribution of property in divorce cases. *See Dahl v. Dahl*, 2015 UT 79, ¶ 25. We do not hold here that the separate property of one spouse may not be awarded to the other spouse in "extraordinary situations where equity so demands." *Mortensen v. Mortensen*, 760 P.2d 304, 308 (Utah 1988). Here, the Pheasant Run land itself was not a marital asset subject to distribution by the divorce court. Thus, the court's equitable powers were not invoked as to the Pheasant Run land itself. Rather, as correctly determined by the divorce court—Charles Dahl's interest in the Pheasant Run investment was a marital asset subject to distribution. The divorce court's award to Kim Dahl of one-half the proceeds from liquidating that interest was correct.

3. An exception to this general rule permits the court to "disregard the corporate entity" in circumstances where the owner "conducts his private and corporate business on an interchangeable or joint basis as if they were one." *Colman v. Colman*, 743 P.2d 782, 786 (Utah Ct. App. 1987). "Former spouses attempting to shield assets from a court-ordered property distribution by using a corporate form are especially looked upon with judicial disfavor." *Id.* at 787. But nothing in the record or the divorce court's order suggests that the divorce court here pierced the corporate veil in the divorce proceedings.

¶11   We therefore conclude that the divorce decree cannot be understood to award an ownership interest in the Pheasant Run land itself to Kim Dahl. Charles Dahl had no ownership interest in the Pheasant Run land by virtue of his membership in CFD Payson. Because neither Charles Dahl nor Kim Dahl legally possessed the Pheasant Run land, it could not be subject to distribution in the divorce decree, although Charles Dahl's interest in the entity which owned an interest in Pheasant Run at Spanish Fields, LLC could be distributed as it was. *See id.* We therefore understand the divorce decree as awarding to Kim Dahl only an interest in the proceeds from the liquidation of Charles Dahl's interest in CFD Payson, the only asset relating to the Pheasant Run investment that was properly subject to distribution by the divorce court.[4]

¶12   The Attorney Defendants nevertheless argue that Kim Dahl has a vested ownership interest in the Pheasant Run land. They rely on *Jeffs v. Stubbs*, 970 P.2d 1234 (Utah 1998), for the principle that "[o]wnership is a collection of rights to possess, to use and to enjoy property, including the right to sell and transmit it" and therefore the term "owner is often used to characterize the possessor of an interest less than that of absolute ownership." *Id.* at 1241–42 (alteration in original) (citation and internal quotation marks omitted). The Attorney Defendants argue that Kim Dahl's interest here is an ownership interest that

---

4. For this reason we reject Kim Dahl's argument that she had an ownership interest in the Pheasant Run land because she bore the risk of the land being sold at a loss. Kim Dahl's risk of loss relates to Charles Dahl's interest in CFD Payson, not to the Pheasant Run land itself. Thus, her argument that "the individual who must sustain the loss of property in case of destruction is considered the owner" has no application to the real property at issue in the posture of this case.

encompasses "many of the 'bundled sticks' necessary to constitute a vested ownership interest."[5] But, as discussed above, we cannot read the divorce decree as having awarded to Kim Dahl any rights with respect to the land itself, because the Pheasant Run land was not subject to distribution. Moreover, nothing in the divorce decree purports to give Kim Dahl the right to possess, use and enjoy, sell, or transmit the Pheasant Run land. We therefore do not agree that Kim Dahl has any of the "bundled sticks" necessary to constitute an ownership interest with respect to the Pheasant Run land itself.

¶13 We conclude that Kim Dahl was not awarded an ownership interest in the Pheasant Run land by virtue of the divorce decree's property division. The district court therefore erred in dismissing CFD Payson's wrongful-lien and slander-of-title claims on the basis that Kim Dahl had a vested ownership in the real property owned by Pheasant Run at Spanish Fields, LLC. We reverse the district court's grant of the Attorney Defendants' motion to dismiss and Kim Dahl's motion for summary judgment. We remand the matter to the district court for further proceedings consistent with this opinion.

––––––––––

5. The metaphor of "bundled sticks" refers of course to the numerous rights and privileges attendant to ownership of property, which collectively are often "compared to a bundle of sticks, each of which may be violated, removed, or dealt with separately." *Provo City Corp. v. Knudsen*, 558 P.2d 1332, 1334 (Utah 1977).